In re ANSON.

(District Court, N. D. California. November 24, 1899.)

BANKRUPTCY—PRIORITY OF CLAIMS—WAGES OF LABORER.

An employé of a bankrupt, having a claim against him for wages earned within three months before the commencement of the proceedings in bankruptcy, does not lose the right of priority accorded to him by Bankr. Act, § 64b, subd. 4, by reason of the fact that, within four months before the bankruptcy, and while the debtor was insolvent, he recovered a judgment against him for such wages and other claims; but the original claim for wages may be proved as an unsecured debt, and will be entitled to priority of payment.

In Bankruptcy.    On review of decision of referee in bankruptcy.

Within four months prior to the filing of the petition in bankruptcy in this case, one Brady recovered a judgment against the bankrupt, on a claim for wages earned by him as a clerk in the bankrupt's store, amounting to $108.33, and a claim for money loaned, and for costs. In the bankruptcy proceedings, Brady proved his debt against the bankrupt for the wages so earned as an unsecured debt, not relying upon the judgment, and surrendered to the trustee in bankruptcy certain property which he had caused to be attached under the judgment. On a re-examination of the claim, the trustee in bankruptcy opposed the allowance of the claim as a debt entitled to priority of payment under the provisions of the bankruptcy act.

The opinion of Referee E. P. FOLTZ was as follows:

·"The question presented upon the re-examination of the claim of John E. Brady against the estate of M. F. Anson, bankrupt, is as follows: Where a creditor has earned wages within three months before the commencement of proceedings in bankruptcy, and within four months before the commencement of proceedings in bankruptcy obtains a judgment for said wages and for another claim while the bankrupt is insolvent, has such creditor lost his priority as to the original claim for wages earned within three months before commencement of proceedings? Counsel for the trustee maintains that the original cause of action is merged in the judgment, so that it loses its character as a claim for wages, and is not entitled to priority as wages. As a general rule, the original cause of action is merged in the judgment. According to the later and better authorities, the reason of the rule is that a new suit would be superfluous, and against the interests of both parties. It is to prevent needless and endless litigation. Therefore the judgment is regarded as a new debt, and the only exception is where so regarding it would work a manifest hardship. Freem. Judgm. § 215. The question is, does the present case come under the rule or under the exception? The reason of the doctrine of merger does not apply to the present case. The plaintiff here does not seek to litigate his claim again, for the purpose of securing a more satisfactory judgment; but, as the law has destroyed his judgment lien (section 67f of the act), he claims the right to be put in the same position as he would have been in had he not obtained a judgment. In many cases the judgment has been held not to be an absolute merger of the original debt,—not a new debt, but a new security for an old debt. Freem. Judgm. § 245; 53 Am. Dec. p. 296, note. Therefore, by the great weight of authority, a judgment obtained after the petition for adjudication in bankruptcy was filed, on a cause of action which accrued before, does not merge the original debt, but the discharge in bankruptcy discharges

such judgment, as well as the costs of the action in which the judgment was obtained. Note in 53 Am. Dec. p. 296, and numerous cases cited; also, Imlay v. Carpentier, 14 Cal. 173. And some of the cases cited in 53 Am. Dec. p. 296, hold that the creditor may prove his claim on the original debt, or on the judgment, as he may elect. It would seem that the present case is much stronger in favor of the creditor than the cases above cited. Other cases hold that the merger of the original debt in the judgment is not so complete that the courts cannot look behind the judgment to the original cause of action for the purpose of protecting the rights of the parties. Conklin v. Field, 37 How. Prac. 456. The purpose of section 67f is to prevent preferences, and to put all creditors on an equal footing, except as affected by the section on priorities. It could not have been the intention of congress that a judgment on a claim for wages earned within three months should be treated as invalid for the purpose of destroying the judgment lien, yet as of sufficient validity to merge the original debt so as to destroy the priority. Such a construction would put a penalty on vigilance, and would place creditors for wages earned within three months in a less favorable position than other creditors, instead of a more favorable position, as the act seems to contemplate. It is therefore my opinion that Brady has not lost his priority by obtaining a judgment."

H. R. McNoble, for claimant.

O. B. Parkinson, for trustee in bankruptcy.

DE HAVEN, District Judge. In this matter, the ruling of Referee E. P. FOLTZ, allowing priority of claim of John E. Brady for $108.33 as wages earned within three months before the date of the filing of the petition in bankruptcy, having been heretofore submitted to the court for decision, now, after due consideration had thereon, it is by the court ordered that said ruling be, and the same is hereby, affirmed.