In re FLYNN.

(District Court, D. Massachusetts. January 7, 1905.)

No. 1,542.

**1. BANKRUPTCY—COMPOSITIONS—TAXES.**

Though Bankr. Act July 1, 1898, § 12b, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3427], requiring the bankrupt, on making a composition, to deposit the money necessary to pay all debts which have priority and the costs of the proceedings, makes no mention of taxes, the deposit must nevertheless provide for the payment of taxes, which by section 64 are made a preferred claim against the bankrupt's assets.

**2. SAME.**

Where a city tax was assessed against a bankrupt's property on May 1, 1899, prior to his being adjudged a bankrupt on August 8th, such taxes became "legally due and owing" on the day they were assessed, within Bankr. Act July 1, 1898, § 64, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], making such taxes a preferred claim against the bankrupt's estate, though the taxes were not payable until after the adjudication.

In Bankruptcy.

Parsons & Bowen, for city of Lynn.
Hurlburt, Jones & Cabot, for assignee of bankrupt.

LOWELL, J. Adjudication August 8, 1899. Trustee appointed September 9, 1899. Composition confirmed June 12, 1900. The deposit made provision for the payment of the tax on personalty assessed by the city of Lynn May 1, 1899. The bankrupt now asks for the return of that part of the deposit, contending that the tax is not due from his estate.

Section 64 of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448], provides that the court shall order the trustee to pay all taxes legally due and owing. Section 12b, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3427], makes no mention of taxes, but, by analogy, the deposit must provide for their payment. The bankrupt cannot be permitted, by a composition, to distribute his property among his other creditors, leaving himself without means to pay taxes. Under the statutes of Massachusetts, I think that the tax here in question became "legally due and owing" May 1, 1899, though not payable until after the adjudication. Moreover, for aught that appears, the property here taxed came into the hands of the trustee, and, after being held by him for some nine months, made part of the deposit which the bankrupt now seeks to recover. In effect, the bankrupt is asking the court to protect property from taxation, leaving to the municipality only the personal liability of a man who, ex hypothesi, has been deprived of all means of present payment. This result is opposed

·to the plain intent of the act. It follows that the bankrupt's petition for the return of his deposit must be denied, and the tax assessed by the city of Lynn must be paid therefrom.

Order accordingly.