## W. HAYWARD EXPORT CO. v. LEE.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1912.)

No. 2,294.

1. CHATTEL MORTGAGES (§ 133*)—NATURE—SPECIFIC LIEN.

Under Gen. St. Fla. 1906, § 2495, a chattel mortgage is only a specific lien on the property covered.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 219; Dec. Dig. § 133.*]

2. CHATTEL MORTGAGES (§ 124*)—PROPERTY NOT IN EXISTENCE.

Where a Florida chattel mortgage covers personal property not existing at the time it was executed, but to be thereafter created or manufactured, the lien only attaches when the property actually comes into existence.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 124.*]

**8. Logs and Logging (§ 26*)—Wages—Lien.**

Under Rev. St. Fla. 1892, § 1732 (Gen. St. Fla. 1906, § 2198), providing a lien for wages due laborers, the bookkeeper of a sawmill has a lien for wages on the lumber produced by the mill, which attaches as soon as the process of manufacture commences, and is not affected by failure to complete such manufacture.

[Ed. Note.—For other cases, see Logs and Logging, Dec. Dig. § 26.*]

Petition to Superintend and Revise an Order of the District Court of the United States for the Northern District of Florida.

Petition by the W. Hayward Export Company against William F. Lee. Denied.

For opinion below, see 190 Fed. 97.

Francis B. Carter (W. A. Blount and A. C. Blount, Jr., of counsel), for petitioner.

Pattillo Campbell, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. [1] In Florida a mortgage is only a specific lien. G. S. Fla. 1906, § 2495.

[2] Where a mortgage covers personal property not in existence at the time, but to be thereafter created or manufactured, the lien only attaches when the property is actually created or manufactured.

[3] Under section 1732, R. S. Fla. 1892, and section 2198, G. S. Fla. 1906, the bookkeeper of a sawmill has a lien for his wages on the lumber produced by such mill. National Bank of San Augustine v. Kirkby et al., 43 Fla. 386, 32 South. 881. This lien necessarily attaches as soon as the process of manufacture commences, and whether the manufacture is completed or not does not affect the existence and validity of the lien.

The judgment of the District Court, overruling a demurrer of petitioner to the amended petitions of William F. Lee, was proper and right in the matter, and the petition for revision herein is denied.