## In re HASKELL.

### (District Court, D. Massachusetts. August 5, 1915.)

### No. 16996.

1. Parent and Child ⊜6—Right to Child's Services and Earnings—Evidence.

The presumption is that a father is entitled to the wages of a minor child, but the presumption is easily overcome by evidence that the child has been emancipated or given the earnings in question.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 77–85; Dec. Dig. ⊜6.]

2. Bankruptcy ⊜331—Proofs of Claims—Persons by Whom Made.

Proof of a claim against a bankrupt estate for labor performed by a minor was properly made by the minor's father, where there was no evidence that the minor had been emancipated or given the earnings in question.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 520; Dec. Dig. ⊜331.]

3. Bankruptcy ⊜328—Proofs of Claims—Time for Filing—Correction.

Where a claim against a bankrupt estate was seasonably delivered to the referee, but lacked a statement of the official character of the officer signing the jurat, and the referee therefore returned it to the creditor's attorney for correction, and it was not redelivered to the referee for about two years, the claim was properly allowed, as it was sufficient as originally filed to form the foundation for a good proof of claim by perfecting amendments, and the referee had no right to refuse to receive and file it when first tendered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. ⊜328.]

4. Bankruptcy ⊜330—Proofs of Claims—Sufficiency.

Where the proof of a claim against a bankrupt estate on a judgment for labor performed incorporated a copy of the judgment, which showed all facts necessary to ascertain the true character of the claim, and also made a statement as to the date of the services, it was largely for the referee to determine what further particularity of details should be required; and where neither the trustee nor other creditors were misled or hindered by lack of information as to the precise nature of the claim, the referee did not exceed his powers in treating the proof as adequate, though it was claimed that it was not properly itemized.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 517, 519, 521; Dec. Dig. ⊜330.]

5. Bankruptcy ⊜348—Priority of Claims—Effect of Judgment.

The priority given a claim for wages earned within three months by Bankr. Act July 1, 1898, c. 541, § 64, 30 Stat. 563 (Comp. St. 1913, § 9648), is not lost by reducing the claim to judgment before the institution of bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊜348.]

---

In Bankruptcy. In the matter of Elbert L. Haskell, bankrupt. On review of orders of the referee. Orders affirmed.

Edward Ellis, of Bourne, Mass., for creditor.
Charles F. M. Fuller, of Boston, Mass., pro se.

MORTON, District Judge. The questions presented by the trustee's petition for review concern orders of Mr. Referee Stetson allowing two claims for wages. The proofs were made by Emory P. Gibbs, who claims payment for labor performed by his minor son, William C. Gibbs. The first claim for $120.94 was reduced to judgment against the bankrupt before the filing of the bankruptcy petition; the second claim, for $18, is on an open account.

[1, 2] The trustee objects to both claims upon the ground that the proof should have been made by the son and not by his father. The presumption is that a father is entitled to the wages of his minor child. It is easily overcome by evidence that the child had been emancipated or had been given the earnings in question. There was, however, no such evidence in this case, nor any controversy between the father and the son. It seems to me that the proof was correctly made in the father's name. As this was the only objection to the smaller claim, the allowance thereof is affirmed.

As to the larger claim, the trustee further objects: (1) That it was not seasonably filed; (2) that it was not properly itemized; and (3) that the claim for wages had been merged in the judgment and was not entitled to priority.

[3] As to (1): The claim was seasonably delivered to the referee. At that time it lacked the statement of the official character of the officer signing the jurat. The referee returned it to the creditor's attorney for correction in that respect. It was not redelivered to the referee for about two years, nor until long after the time for filing claims had expired. The return of the proof by the referee was not requested by the creditor; it was done on the referee's own motion in order to assist the creditor in making the necessary correction. In this the case differs essentially from In re Thompson's Sons (D. C.) 123 Fed. 174, 10 Am. Bankr. Rep. 581, where the proof was "withdrawn" by the creditor. The proof as originally filed was sufficient to form the foundation for a good proof by perfecting amendments. In re Mertens, 147 Fed. 177, 77 C. C. A. 473, 16 Am. Bankr. Rep. 825 (C. C. A. N. Y.); In re Roeber, 127 Fed. 122, 62 C. C. A. 122 (C. C. A. N. Y.). The referee had no right to refuse to receive and file it when first tendered; and I do not understand that he intended to do so. He has marked the claim filed as of the later date, after the year had expired; but he reports that the claim was seasonably presented and was returned by him "for correction." It is not found that the creditor intended to abandon the claim. The referee's filing record seems to me erroneous. The claim should appear to have been filed on the date when first presented.

[4] As to (2): The proof incorporates a copy of the judgment, which shows all facts necessary to ascertain the true character of the

claim, and also makes a statement as to the date of the services. It was sufficient in form to be acted upon. Beyond that, it was largely for the referee to determine what particularity of details should be required. Neither the trustee nor other creditors seem to have been misled or hindered by lack of information as to the precise nature of the claim. The referee considered the proof adequate for the purpose in hand, and in so treating it I do not think that he exceeded his powers.

[5] As to (3): Whether the priority given to claims for wages by section 64 of the Bankruptcy Act is lost by taking judgment on the claim before the institution of bankruptcy proceedings is still unsettled. The only decision upon the point which has come to my notice, In re Anson, 101 Fed. 698, 4 Am. Bankr. Rep. 231 (Dist. Ct. Cal.), holds that priority is not lost. The tendency is also to hold, under section 17 of the act, that "liabilities for obtaining property by false pretenses" are not discharged, although reduced to judgment, and that the bankruptcy court will look behind the judgment and determine on what it was founded. Mackel v. Rochester (D. C.) 135 Fed. 904, 14 Am. Bankr. Rep. 429; Thompson v. Judy, 169 Fed. 553, 95 C. C. A. 51, 22 Am. Bankr. Rep. 154; Packer v. Whittier (law of 1867) 91 Fed. 511, 33 C. C. A. 658, 1 Am. Bankr. Rep. 621 (C. C. A. Mass.). This is also done, under somewhat broader wording in the act, as to judgments for breach of fiduciary obligations. Knott v. Putnam, 107 Fed. 907 (D. Ct. Vt.). Priority is not lost by assignment of the claim (Woodliff & Co. v. Bush, 204 U. S. 186, 27 Sup. Ct. 178, 51 L. Ed. 436), nor in Massachusetts by taking a note for it (In re Worcester Co., 102 Fed. 808, 42 C. C. A. 637 [C. C. A., Mass.]; Remington on Bankruptcy [2d Ed.] §§ 2135, 2182). The principle being established that a judgment is not an impenetrable curtain, but that the court may in certain cases look at what is behind it, the weightier considerations seem to me to favor doing so as to the judgment here in question. There is no denial that it was obtained for wages earned within three months before bankruptcy. It follows that this objection also fails.

The orders of the referee allowing the claims are affirmed.