## SELIGMAN v. GRAY.

(Circuit Court of Appeals, First Circuit. October 7, 1915. Modification of Opinion, October 20, 1915.)

No. 1126.

BANKRUPTCY ☜336—VOID MORTGAGE—PROOF OF CLAIM—AMENDMENT.

Where claimant advanced money to the bankrupt shortly before proceedings were commenced, taking a note and mortgages, which money was used in paying one or more creditors of the bankrupt, it being the intention of the bankrupt to give a preference, and the claimant having reasonable cause to know the fact, such claimant held an unsecured debt, and was subrogated to all equities which the creditors had before receiving payment from his funds, and, there having been no order expunging such claim, could amend his proof to stand as for an unsecured debt, since the mortgages could be declared invalid without affecting the validity of the debt itself.

[For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. ☜336.]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

In the matter of the bankruptcy of one Soforenko, wherein William C. Gray was named as trustee. From an order (210 Fed. 562) affirming the disallowance by the referee in bankruptcy of a claim filed by Israel Seligman against said bankrupt's estate, said claimant appeals. Reversed and remanded.

Harvey H. Pratt, of Boston, Mass., for appellant.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This is a proceeding of the District Court involving a bankrupt, Soforenko, an alleged creditor, Seligman, holding a mortgage from the bankrupt, and Gray, the trustee in bankruptcy, who challenges the proof of debt and the mortgage connected therewith. Seligman proved the debt as a mortgage debt, according to form No. 32, 172 U. S. 700, 18 Sup. Ct. xxxii. The proof was challenged by the trustee, and after a second hearing by the referee an order was entered by the court, as follows:

"At Boston, in said district, on the 26th day of October, A. D. 1914, upon the question certified to the court by the referee in said matter on the 22d day of November, A. D. 1912, now, therefore, after hearing arguments of Harvey H. Pratt, Esq., counsel for the mortgagee, and Joseph B. Jacobs, Esq., counsel for the trustee, and after due consideration of the same—

"It is hereby ordered and decreed that the order of the referee disallowing the claim of Israel Seligman be, and it hereby is, affirmed.

"It is further ordered that the clerk send a copy of this order by mail to the referee."

There was, however, no order expunging the claim in accordance with form No. 39, 172 U. S. 706, 18 Sup. Ct. xxxvi. The case was taken to us as though such an order was unnecessary, and it has been submitted upon its merits.

The note and mortgages were taken immediately before proceedings in bankruptcy were commenced, and the amount representing the note,

which was in fact advanced by Seligman, was used in paying one or more creditors of the bankrupt, who, so far as this record is concerned, were entirely innocent of any attempt to obtain a preference, so that the only questions before us are between Seligman and Gray.

There never has been an order declaring the mortgage void, or any issue made upon which an order or judgment of that kind could be entered; but the case has been submitted to us as though the whole transaction was a fraudulent one, so that Seligman had no claim for either his mortgage or the debt secured by it. We find nothing in the record which establishes facts enough to maintain the proposition that the whole transaction was illegal or malum in se, or anything more than malum prohibitum in Seligman's becoming a party to a preference. The evidence sufficiently sustains the finding of both the court and the referee that it was the intention of the bankrupt to give the creditor, or creditors, who received the preference, the money which Seligman advanced, and also that Seligman had reasonable cause to know that it was the intention of the bankrupt to thereby accomplish a preference; so that clearly on the record here the debt was rejected as a secured debt. All we can determine, from what appears, is that Seligman holds an unsecured debt, and is subrogated to all the equities which the creditor, or creditors, had before receiving payment, and should be allowed to hold his debt as one unsecured.

As there has been no order expunging the claim, the simplest method is to allow Seligman to amend his proof as one of an unsecured debt. In substance, the case stands in the particular to which we have referred, with Van Iderstine, Trustee in Bankruptcy of Fellerman, v. National Discount Company, 227 U. S. 575, 33 Sup. Ct. 343, 57 L. Ed. 652, where a bill was brought to annul a similar transaction. The court held the bill should be dismissed, under the circumstances, permitting the loan to be held to be valid. The case is somewhat more fully reported in 174 Fed. 518, 98 C. C. A. 300. Like circumstances are considered in Remington on Bankruptcy (Ed. 1910) vol. 3, § 1301½, and in the notes thereto, leading to the result that the mortgage may be declared invalid while the debts remain provable. Such a result is plainly equitable in the case at bar, and the judgment will be as follows:

The decree of the District Court is reversed, and the case is remanded to that court, with leave to allow Seligman to amend his claim and secure its allowance as an unsecured debt, and the appellee recovers his cost of appeal.

## Modification of Opinion.

PER CURIAM. It is ordered that the judgment heretofore entered in this case, at the present term, be stricken out, and that a modified judgment in lieu thereof be entered as follows:

The decree of the District Court is modified as follows; that is to say: The decree is affirmed, but the case is remanded to the District Court, with authority to said Seligman to amend his proof of debt, so that the same will stand for an unsecured debt, and to secure the allowance thereof on payment of the costs in the District Court and in the Circuit Court of Appeals, and, as thus amended and modified, the judgment is affirmed, and the appellee recovers his costs of appeal.