## In re DREXEL HILL MOTOR CO.

(District Court, E. D. Pennsylvania. February 5, 1921.)

No. 6396.

1. **Bankruptcy ☞330—Referee cannot refuse to file claim because of informality.**

A referee has no right to refuse to file a claim presented on the ground of its informality.

2. **Bankruptcy ☞336—Informal claim may be amended after expiration of year.**

Where a paper presented for filing, although informal, contains the substance of a formal claim, it is sufficient as the basis of an amended claim filed after expiration of the year allowed by Bankruptcy Act, § 57n (Comp. St. § 9641).

In Bankruptcy. In the matter of the Drexel Hill Motor Company, bankrupt. On review of order of referee. Reversed.

L. L. Smith, of Philadelphia, Pa., for petitioner.
John M. Broomall, of Media, Pa., for trustee.

THOMPSON, District Judge. The Maxwell Sales Corporation, by its attorney, presented to the referee within the year after the date of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
270 F.—43

adjudication, September 27, 1918, a proof of claim under oath for $2,523.26 for automobiles shipped by the claimant. It set out the names and numbers of the cars, that the amount claimed was over and above all legal set-offs, and that no payment had been made upon the indebtedness, or no security of any kind given. According to the referee's certificate and opinion, the claim was returned to the attorney for the claimant, because it did not conform to the form of proof required by the General Orders in Bankruptcy. On May 20, 1920, the attorney for the claimant filed with the referee a proof of claim in due form for the same amount and the same indebtedness.

The claim was allowed by the referee, but, upon the petition of the trustee for reconsideration, the referee disallowed it, because the original proof of claim had not been filed within the year, and had been withdrawn by the claimant, and therefore there was nothing upon the record filed within the year upon which to base an amended claim. The referee reports that the first proof of claim presented was taken from his office at the time of its presentation, was voluntarily withdrawn for the purpose of refiling it in proper proof, shape, and form, and was never afterwards re-presented to the referee in any manner whatever. The referee also reports that the claimant did not produce or in any way exhibit the claim so presented and withdrawn within the year.

In the claimant's answer to the trustee's petition it was admitted that no proof was actually filed, but it was alleged that proof of claim in substance the same as that which was ultimately filed was actually submitted to the referee within one year of the adjudication, and was not accepted by the referee, owing to informality. But while the referee so reports, and the claimant has admitted that the claim was not filed, the record filed with the certificate for review contains the paper in controversy, and we are confronted with the original proof of claim among the papers in the case, which contains a jurat dated February 27, 1919, well within the year. Accompanying it of the same date is a power of attorney to prosecute the claim. Under these circumstances, the court must consider the record as of more cogent force and effect than the statements in the referee's report and the claimant's admission, both based upon the uncertainties of recollection of what occurred.

It is apparent, from the fact that the informal proof was presented to the referee and was filed with the record, that it has remained in the custody of the referee along with the other papers filed in the case, and was not physically withdrawn by the claimant's attorney. It is quite apparent that there was no intention on the part of the claimant to withdraw the claim, in the sense of abandoning it. In view of what is physically present upon the record, and the undisputed fact that the claim was presented within the year, it was plainly the duty of the referee to file the proof of claim, which he apparently did, by having it among the papers in the case. It was further his duty to indorse the claim in the usual manner with the date of filing. General Order No. 2. It thus constituted a part of the records of the case. Bankruptcy Act, § 42b (Comp. St. § 9626).

[1] A referee has no right to refuse to file a claim presented upon the ground of its informality. In re Haskell (D. C.) 228 Fed. 819. The

Bankruptcy Act is strict in requiring a paper constituting a part of the record to be carefully and formally kept. In re Lacey & Co., 35 Am. Bankr. R. 231.

[2] The paper presented contained the substance of the formal proof filed on May 20, 1920, and was sufficient to constitute the basis of an amended claim after the expiration of the year. Hutchinson v. Otis, 8 Am. Bankr. R. 388, 115 Fed. 937, 53 C. C. A. 419; Id., 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; In re Basha, 200 Fed. 951, 119 C. C. A. 335; Seligman v. Gray, 227 Fed. 417, 142 C. C. A. 111; In re Fairlamb (D. C.) 199 Fed. 278; In re Roeber, 127 Fed. 122, 62 C. C. A. 122.

It is ordered that the original proof of claim and the power of attorney be indorsed and docketed as filed nunc pro tunc as of their date, that the order of the referee disallowing the claim upon the amended proof filed be vacated, and the claim reconsidered upon the merits.