## COMMONWEALTH OF MASSACHUSETTS v. MEEHAN.

No. 2813.

Circuit Court of Appeals, First Circuit.

Nov. 10, 1933.

Charles F. Lovejoy, Asst. Atty. Gen. (Joseph E. Warner, Atty. Gen., on the brief), for the Commonwealth of Massachusetts.

Harry Bergson, of Boston, Mass. (Danforth W. Comins, of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and HALE, District Judge.

HALE, District Judge.

This is an appeal by the commonwealth of Massachusetts from the decree of the District Court, affirming an order of the referee in bankruptcy disallowing the claim of the commonwealth for a corporation excise tax, assessed against the bankrupt corporation in 1931, and figured on the basis of the minimum tax of one-twentieth part of one per cent. of the gross sales of the corporation in carrying on its business for its fiscal year ending January 31, 1930.

The E. E. Gray Company is a Massachusetts corporation; it was engaged in the chain store grocery business, in Massachusetts, prior to November 1, 1930, when it was petitioned into bankruptcy. The referee found the following facts:

"The E. E. Gray Company, the bankrupt, is a Massachusetts corporation organized many years ago, and conducted a chain of grocery stores in Massachusetts, New Hampshire and Vermont. On November 1, 1930, it was petitioned into bankruptcy and a receiver appointed to carry on the business. The company was subsequently adjudicated a bankrupt and the assets sold under order of the court.

"In accordance with the provisions of the Federal Income Tax Law the bankrupt corporation established its fiscal year beginning February 1 of one year and ending January 31 of the following year, and filed its corporate income tax return, each year, on or before April 15. Every year since 1920, and including the year 1930, the bankrupt corporation filed between the first and tenth days of April of each year the corporate excise return demanded by the Commonwealth of Massachusetts, under General Laws, chapter 63, setting forth the federal income tax return for the year ending January 31 of the preceding year, e. g., in the excise return filed in April, 1930, the federal income tax return for the preceding year, ending January 31, 1929, was shown as required by Massachusetts General Laws, chapter 63. The corporate excise tax assessed in the year 1930, based on this return, has been paid.

"No further return was due from the bankrupt company until April 1, 1931, after the petition in bankruptcy was filed. Such return, if made, would include the federal income tax return for the preceding year ending January 31, 1930. The tax is figured on the basis of the minimum tax of one-twentieth of one per cent on the gross sales of the bankrupt corporation for the fiscal year ending January 31, 1930."

The commonwealth contends that, although assessable in 1931, the tax was upon the carrying on of business for the fiscal year ending January 31, 1930, during which the corporation carried on business; that by carrying on business for the year ending January 31, 1930, the corporation became liable for a tax, later to be assessed; that it has never paid this tax; and that the liability accrued before November, 1930, the date of the petition in bankruptcy.

The assumption of the referee and of the District Court is that the tax is upon the carrying on of business for the year 1931, the year in which it was assessed; that the corporation carried on no business in 1931; and that, therefore, the tax is invalid. The principal issue raised by the appeal is whether the excise tax imposed by the Massachusetts statute is upon the carrying on of business for the year in which the tax is assessed, namely, the year 1931, or for 1930, the year preceding.

The proof of claim alleges that the corporation is indebted to the commonwealth in the sum of $1,505, that the consideration for the debt is the "Domestic Corporation tax, assessed for the year 1931," and that it has not been paid.

The District Court took the view that this language makes the proof "bad on its face." The referee did not disallow the claim on that ground; he heard testimony and found the facts; he made no suggestion that the proof was insufficient. He found that the corporation excise tax "assessed in the year 1930 has been paid," that no further return was due until April 1, 1931, after the bankruptcy petition was filed, and that "such return, if made, would include the federal income tax return for the preceding year ending January 31, 1930."

It is claimed that the assessments of 1931 are for liabilities incurred in carrying on the business for the "taxable year" preceding.

The bill in the proof is dated December 31, 1931. We think the language of the proof should not be held to defeat the claim and conclude the case. The District Court might well allow an amendment of the proof in accordance with the facts. The substantial issue is, as we have said, whether the tax assessed in 1931 was for the carrying on of business in the year preceding.

The assessment was made under Massachusetts General Laws, chapter 63. This statute has been construed by the Massachusetts Supreme Court in Springdale Finishing Company v. Commonwealth of Massachusetts, 242 Mass. 37, 136 N. E. 250, 251. The sections of that statute involved in the consideration of this case are fully set forth in the above case.

In that case the corporation in question had made a return in April, 1920, showing its 1919 income, and had been assessed upon such return, and had paid the tax. It continued to do business until July 29, 1920, when it disposed of its assets. On February 28, 1921, the tax commissioner assessed another tax covering the carrying on of business from

January 1 to July 29, 1920. The corporation sought abatement of this tax upon the ground that the tax which it had paid in 1920 was for carrying on business during 1920, although measured by income for 1919; and that the second tax—the tax in question—accordingly could only be for carrying on business in 1921, in which year the corporation carried on no business. The court held that the excise is upon the carrying on of business during the year preceding that in which the tax is assessable and payable; that the tax assessed and paid in 1920 was upon the carrying on of business in 1919, not upon the carrying on of business in 1920, as contended by the petitioner; and that the petitioner, although it did no business in 1921, was liable for the tax in question assessed in 1921 for carrying on business in 1920.

Speaking for the court, Mr. Chief Justice Rugg said:

"The tax is an excise and not a property tax. It is so declared in section 2 of said chapter 355. There is no reason to doubt the accuracy of the name given to it by the General Court. * * * Although both property and income are used as a basis for its calculation, the tax is nevertheless an excise on the commodity of exercising the corporate franchise and not a tax on property or on income. The tax here assailed was levied in respect to the doing of business during the calendar year beginning on January 1, 1920. This is the plain effect of said chapter 355. * * * This part of the excise is levied for a period of time that is past and not for a period in the future. The effect of the statute was to impose an excise for the commodity of carrying on business by a domestic corporation for a less period than one year, in cases where such business was not carried on for an entire year. That this was the purpose of the General Court is manifest from the present phrase of the law in G. L. c. 63, § 30, subsec. 6."

It is urged by the appellee that the construction of the statute adopted by the Massachusetts court is not binding on the federal court in bankruptcy; and that such construction is erroneous. Upon this point our attention is called to New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 140, 51 L. Ed. 284, in which case it appeared that the New Jersey statutes required a certain corporation to make return on or before the first Tuesday of May of each year and to pay an annual license fee or franchise tax of a certain percentage of its capital stock outstanding on January 1st preceding. The corporation was adjudicated bankrupt April 23, 1903. The return was not due or filed until after the adjudication, namely, on May 2, 1903, and the tax was not assessable, or assessed, until after that, namely, on July 1, 1903. The court said:

"The state court may construe a statute and define its meaning, but whether its construction creates a tax within the meaning of a Federal statute, giving a preference to taxes, is a Federal question, of ultimate decision in this court.

"We are of opinion that this claim was for a tax. The language of the act, as we have said, is very broad, and includes all taxes. * * *

"The amount claimed for the year 1903, it is insisted, had not accrued at the time of the adjudication in bankruptcy, which was on April 23, 1903, the return being made on May 2, 1903, and the assessment was not made until July 1, 1903; but the annual return, required to be made to the board on or before the first Tuesday in May, is upon the basis of the capital stock issued and outstanding the first of January preceding the making of the return. The bankrupt act requires the payment of all taxes legally due and owing. We think the tax thus assessed upon that basis was legally due and owing, although not collectible until after the adjudication."

The case is decisive that whether a certain impost is a tax within the meaning of section 64a of the Bankruptcy Act (11 USCA § 104 (a) is for the federal courts to decide. The question whether the Massachusetts statutes impose an excise on the carrying on of business in the year in which it is assessable or in the preceding "taxable year" clearly depends upon the construction of the state statute.

The facts in Re Century Silk Mills, Inc. (D. C.) 12 F.(2d) 292, cited, do not apply to the case before us. In that case the corporation had been petitioned into bankruptcy on July 29, 1920. The tax in question was for the year beginning November 1, 1920. The corporation had not carried on business for any part of the period for which the tax was assessed. In the instant case the corporation, before bankruptcy, had exercised the privilege of doing business upon which the excise tax is imposed. The liability had accrued before bankruptcy, although it was not assessable and payable until a later date. We think the facts bring the case clearly within the rule asserted by the Supreme Court in New Jersey v. Anderson, supra.

The question whether the Massachusetts statute imposes an excise on the carrying on of business in the year in which it is assessable or in the preceding "taxable year" is a question of the construction of the state statute. The determination of that question by the highest court of the state is conclusive. The "taxable year" is expressly defined in the statute as the fiscal year for which the corporation was required to make its last return to the federal government due prior to April 1st of the year in which the tax is to be assessed. By carrying on the business for the year ending January 31, 1930, the E. E. Gray Company became liable for a tax later to be assessed. It has never paid the tax for carrying on the business for the year ending January 31, 1930; this liability accrued before the bankruptcy; it is therefore provable.

The statute was in effect and had been construed by the Massachusetts court before the corporation chose to carry on its business for the year ending January 31, 1930. Such statute is not retroactive. We follow the construction of the Massachusetts statute by the Massachusetts court of last resort.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the appellant.