# Wytheville

EARL E. HARRINGTON V. D. H. SENCINDIVER, TRUSTEE, ET AL.

June 12, 1939.

Record No. 2086.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning, and Eggleston, JJ.

The opinion states the case.

*Harrison & Harrison* and *Martin, Seibert & Beall,* for the appellant.

*Herbert S. Larrick, F. S. Tavenner* and *John P. Allen,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

D. H. Sencindiver, trustee under a deed of assignment from the Eastern Silica & Chemical Corporation for the benefit of its creditors, filed a bill in equity against the corporation and the creditors praying for an interpretation of the deed of assignment and the guidance and direction of the court in the administration of the trust. Earl E. Harrington, one of the creditors secured in the deed of assignment, filed an answer to the bill asserting a priority claim for amounts paid by him to certain wage earners for the benefit of the corporation. From decrees denying the priority of his claim Harrington has appealed.

There is a motion to dismiss the appeal on the ground that after it was granted a supersedeas bond was given with a cash deposit in lieu of the surety required by Code, section 6351, as amended by Acts of 1934, chapter 132, page

173. This motion is based on our holding in *Clinch Valley Lumber Corp.* v. *Hagan Estates,* 167 Va. 1, 187 S. E. 440.

The record discloses that the final decree was entered on May 4, 1938, and that the petition for appeal was filed with one of the Justices of this court on September 3rd following. On October 12th this court entered an order allowing the appeal and fixing the supersedeas bond at $500.

In the meantime, on August 20, 1938, the appellant, in lieu of a suspending bond, executed a supersedeas bond with a proper surety and conditioned according to law. The record accompanying the petition for appeal contained a certificate from the clerk of the lower court showing this. Therefore, under the express terms of Code, section 6351, as amended by Acts of 1934, chapter 132, page 173, and Code, section 6338, as amended by Acts of 1934, chapter 130, page 172, appellant was not required to give a further supersedeas bond. See *Hackley* v. *Robey,* 170 Va. 55, 59, 195 S. E. 689.

Although a second supersedeas bond was executed after the appeal had been allowed, it is conceded that it does not comply with the statute and is void. It can not, therefore, affect or supersede the former bond which fully complied with the statute.

The motion to dismiss is overruled.

We turn, then, to the merits. The main facts are not in dispute. For some time prior to 1930, the Eastern Silica & Chemical Corporation was engaged in the sand business in Frederick county, Virginia. Earl E. Harrington, the appellant, became the manager of the company in the first part of February, 1930, and resigned early in October of the same year.

In the latter part of the summer and early fall of that year the company ran into financial difficulties and was unable to meet its pay rolls. Harrington advanced out of his own funds the necessary amounts to pay various wage claims, totaling approximately $2,264.52. In each instance he took from the wage earner to whom payment was made an assignment of his claim.

In the month of October, 1930, the corporation suffered a disastrous fire and discontinued operations. It owed considerable money and its officers were convinced that its affairs would have to be liquidated. A conference was held between the officers of the corporation and a large number of its creditors, at which plans for liquidation were discussed. Harrington stated his preference for bankruptcy, giving as his reason therefor that his claims for advances to wage earners would be preferred and paid in full in such a proceeding. Sencindiver, the secretary and treasurer of the corporation, and some of the larger creditors insisted that the corporation could be liquidated more expeditiously and at less expense through a deed of assignment.

Finally this latter view prevailed and on November 8, 1930, there was recorded in the clerk's office of the Circuit Court of Frederick county a deed of assignment from the corporation to Sencindiver as trustee. This deed conveyed all of the corporation's real and personal property and assets of every nature and description, upon the trust that these should be converted into cash by the trustee who was to pay, in the order named:

(1) All costs and expenses attending the execution of the trust;

(2) All unpaid taxes lawfully assessed against the property of the corporation;

(3) "All creditors who are entitled to a priority by reason of any valid lien securing the same;"

(4) "All creditors whose *bona fide* claims are for labor and would have a priority under the provisions of the U. S. Bankruptcy Act."

The residue of the trust fund was to be distributed *pro rata* among the general creditors.

In January, 1931, Sencindiver, the trustee, filed this suit asking for a convening of the creditors of the corporation, the interpretation of the deed of assignment, and the aid and guidance of the court in the administration of the trust.

On January 31, 1931, there was filed on behalf of Harrington an answer to the bill, in which he asserted a claim of

$5,378.41, with interest and costs, which, he alleged, was evidenced by a judgment obtained against the corporation on December 11th of the preceding year. This answer further alleged that claimant "desires his claim audited in this suit as an unsecured claim."

Later, over the objection of the trustee, Harrington was allowed to file an amended answer, in which he alleged that he was entitled to a priority claim for wages advanced, amounting to approximately $2,200, and a general claim of $3,220.88 for balance of salary due him, and that he had not authorized the filing of the prior answer in which his claim was stated to be "unsecured."

The special master, to whom the matter had been referred, held that since the wage claims had not been perfected in the manner prescribed by Code, section 6438, as amended by Acts of 1932, chapter 329, page 596, and section 6439, as amended by Acts of 1928, chapter 253, page 760, he had no lien therefor and was not entitled to priority under the provisions of the deed of assignment, and that his rights were merely those of a general creditor.

It is from decrees confirming this view that Harrington has appealed.

Code, section 6438, as amended by Acts of 1932, chapter 329, page 596, gives to laborers and certain others who furnish their services or labor to a company engaged in manufacturing or in other specified business in this State "a prior lien on the franchises, gross earning and on all of the real and personal property of said company which is used in operating the same, to the extent of the moneys due them by said company for such wages," provided the lien is perfected in the manner prescribed by Code, section 6439, as amended by the Acts of 1928, chapter 253, page 760.

When a lien has been thus perfected it is enforceable under section 67d of the Bankruptcy Act [11 U. S. C. A., section 107 (d)], which provides for the preservation and enforcement of liens given in good faith and not repugnant to the Bankruptcy Act. *Hiscock* v. *Varick Bank*, 206 U. S. 28, 41, 27 S. Ct. 681, 51 L. Ed. 945; *Crim* v. *Woodford* (C. C.

A. 4), 136 F. 34, 42; *In re Brannon* (C. C. A. 5), 64 F. (2d) 959, 961.

Liens perfected under Code, sections 6438 and 6439, were enforced in, *In re West Norfolk Lumber Co.* (D. C. Va.), 112 F. 759; *Mott* v. *Wissler Mining Co.* (C. C. A. 4), 135 F. 697; *Building Supplies Corp.* v. *Willcox* (C. C. A. 4), 284 F. 113.

■ In the instant case it is admitted that the wage claims were not perfected in the manner prescribed by the Virginia statutes. Hence, the trial court correctly held that such claims were not enforceable in bankruptcy as prior liens on the property of the corporation. *Liberty Perpetual Building & Loan Co.* v. *M. A. Furbush & Son Mach. Co.* (C. C. A. 4), 80 F. 631; *In re Brannon, supra.*

Neither do we think that the evidence sustains Harrington's contention that the creditors of the corporation and the trustee under the deed of assignment agreed that he might dispense with the perfection of the claims under the Virginia statutes.

But failure to perfect the liens under the State statutes does not mean that the wage claims were not entitled to priority under the Bankruptcy Act and under the provisions of the deed of assignment.

Section 64b of the Bankruptcy Act (as amended May 27, 1926,* ch. 406, section 15, 44 Stat. 666), 11 U. S. C. A., section 104 (b), provides:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be" (after providing for the payment of costs of preserving the estate, filing fees, and costs of administration) "(5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; (6) taxes payable under

---

*Note the subsequent amendment to this section, Act of June 22, 1938, ch. 575, section 1, 52 Stat. 874.

paragraph (a) hereof and (7) debts owing to any person who by the laws of the States or the United States is entitled to priority: * * * ."

It will be observed that there are no conditions or qualifications attached to the priority given to claimants in paragraph (5), except that the claims must be for "wages due" to certain specified wage earners, must have been earned "within three months before the date of the commencement of the proceeding," and must not "exceed $600 to each claimant."

■ There is no requirement that wage claims, in order to be entitled to the priority granted them under this section, must be secured by a lien or perfected under any State statute. On the contrary, it has been uniformly held that a wage earner is entitled to priority of payment under this section although he has not perfected his lien under a State statute. See Collier on Bankruptcy (11th Ed.), p. 1005; *In re Cramond* (D. C. N. Y.), 145 F. 966; *In re Burton Bros. Mfg. Co.* (D. C. Iowa), 134 F. 157; *In re McDavid Lumber Co.* (D. C. Fla.), 190 F. 97, affirmed (C. C. A. 5), 193 F. 647.

In *Shropshire, Woodliff & Co.* v. *Bush,* 204 U. S. 186, 27 S. Ct. 178, 51 L. Ed. 436, it was held that an assignee of a claim for wages under an assignment made prior to the commencement of the bankruptcy proceedings enjoys the same priority to which his assignor would have been entitled.

■ Moreover, the priority given under the statute is not waived or lost by reducing the claim to judgment. Remington on Bankruptcy (4th Ed.), Vol. 6, section 2780, page 332; *In re Haskell* (D. C. Mass.), 228 F. 819; *In re Anson* (D. C. Cal.), 101 F. 698.

■■ While the claimant must file a proof of claim in the bankruptcy proceeding asserting his priority, no particular form is required. Remington on Bankruptcy (4th Ed.), Vol. 6, section 2783, p. 333; section 2784, p. 333. The amended answer filed by Harrington in the present proceeding was a good and sufficient proof of claim.

■ It is well settled that section 64b [11 U. S. C. A., section 104(b)] relates to the order of priority for the distribution of the proceeds of the bankrupt estate. Priority under this section is quite different from priority by virtue of a specific lien on the property of the bankrupt. Remington on Bankruptcy (4th Ed.), section 2839, p. 417; 8 C. J. S., Bankruptcy, section 453, p. 1327; *Lott* v. *Salsbury* (C. C. A. 4), 237 F. 191; *In re Brannon* (C. C. A. 5), 64 F. (2d) 959.

Indeed, the deed of assignment itself recognizes the distinction between lien claims and priority claims. It directs the trustee to pay in one class "All creditors who are entitled to a priority by reason of any valid lien securing the same," and in a subsequent class "All creditors whose *bona fide* claims are for labor and would have a priority under the provisions of the U. S. Bankruptcy Act."

■ Therefore, we think that while the wage claims were not perfected in the manner prescribed by the Virginia statutes and were not enforceable in bankruptcy as liens, yet the lack of a lien did not deprive the claims of the priority to which they were entitled under the express terms of section 64b.

Accordingly, we hold that the appellant comes within the class of preferred creditors described in the deed of assignment as being "All creditors whose *bona fide* claims are for labor and would have a priority under the provisions of the U. S. Bankruptcy Act;" and that he is entitled to priority for wages advanced to workmen which were earned within three months of the date of the delivery of the deed of assignment, with interest, not to exceed $600 advanced on behalf of any one wage earner.

The decrees appealed from will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*