### In re BERKSHIRE HARDWARE CO., Inc.

No. 63135.

District Court, D. Massachusetts.

July 2, 1941.

---

[1] No opinion for publication.

John A. Brennan, of Boston, Mass., Atty. for Division of Unemployment Compensation of Commonwealth of Massachusetts, for claimant.

Albert S. Silverman, of Pittsfield, Mass., for trustee.

BREWSTER, District Judge.

In these proceedings the referee refused to allow a claim presented by the Division of Unemployment Compensation, acting on behalf of the Commonwealth of Massachusetts by virtue of the authority conferred by the Massachusetts Unemployment Compensation Laws. Mass. G.L.(Ter.Ed.) ch. 151 A, as added by St.1937, c. 421, and ch. 23. The claimant has petitioned for a review.

Section 2 of 151 A provides that an employer subject to the Act shall pay to the Commonwealth what is termed "contributions" measured by the percentage of his applicable pay roll, payment to be made at such time and in such manner as the director may prescribe. The director is required to pay over these contributions to the State Treasurer to be credited to a fund established by the Act. The director has prescribed that the contributions shall be paid quarterly within thirty days after the first days of January, April, July and October.

The bankrupt was an employer within the purview of the Act and paid its contributions to April 1, 1939. On March 22, 1939 an involuntary petition in bankruptcy was filed against it upon which it was adjudicated a bankrupt June 19, 1939. On June 21, 1939 a receiver was appointed, with authority to conduct the business of the bankrupt and on July 11, 1939 a trustee was duly appointed who also continued the business for a brief period. All contributions due upon wages paid by the receiver and the trustee were paid to the director.

The claim, as first, presented, was for contributions on wages paid from April 1, 1939 to September, 1939, amounting to $64.55. It is agreed that this amount should be reduced to the extent of the payments made by the receiver and trustee to the sum of $44.51. This sum represents the amount due the Commonwealth of Massachusetts upon wages paid by the bankrupt from April 1, 1939 to June 21, 1939, when the receiver took over.

The form of the proof does not follow any form for proving claims prescribed by the Supreme Court. It is introduced with this statement, "Now comes the Division of Unemployment Compensation, Collector of Contributions for the Commonwealth of Massachusetts, a duly authorized agent for the Commonwealth of Massachusetts in this behalf and says"; then follows the period covered, the amount of contributions due, that it is due and payable to the Division of Unemployment Compensation, and the usual allegations relating to security, set-off and counterclaim. It is also alleged that the claim is entitled to priority, "the priority of the Commonwealth being fully determined by section 7 of chapter 151 A of the General Laws."

The proof is signed "Division of Unemployment Compensation by J. Edward Doyle, Director." The jurat is in the usual form, to the effect that the statement was sworn to and subscribed before a notary public upon the 4th day of January, 1940. The referee assumed, and I think it may well be assumed, that J. Edward Doyle was the individual who signed and made oath to the proof before the notary public.

The referee disallowed the claim for two reasons,—(1) that the claim was for a debt arising after the filing of the petition in bankruptcy, and (2) that if provable it was not properly proved.

■ There is ample authority for the proposition that debts provable under section 63 of the Bankruptcy Act, 11 U.S.C.A. § 103, include only those existing at the time of the filing of the petition in bankruptcy. Zavelo v. Reeves, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D, 664; Williams v. United States Fidelity & Guaranty Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713; In re Miller, D.C., 25 F.Supp. 336.

■ This rule has been modified by the provisions of section 63, sub. b of the Bankruptcy Act of 1938, 11 U.S.C.A. § 103, sub. b, known as the "Chandler Act." This new section permits a claim, arising after the filing of an involuntary petition, to be proved if it arises by reason of property transferred or services rendered by the creditor to the bankrupt for the benefit of the estate. The claim of the Commonwealth of Massachusetts cannot be said to come within the scope of this section. The claim, therefore, is not provable as a debt.

If, however, as the Commonwealth contends, the Massachusetts Unemployment Compensation Law imposes a tax rather than creates a debt, a different situation is presented. The first question to be considered, therefore, is whether the "contributions" required by that law may be regarded as a tax.

■ The distinction between debts and taxes was noted in early cases, a debt being defined as an obligation for the payment of money founded upon a contract, express or implied, while taxes were defined as imposts levied for the support of the government or for some especial purpose authorized by it. Lane County v. Oregon, 7 Wall. 71, 19 L.Ed. 101; Meriwether v. Garrett, 102 U.S. 472, 26 L.Ed. 197; In re Otto F. Lange Co., D.C., 159 F. 586.

It is apparent that in dealing with the subject the courts are not in accord respecting the nature of the contribution exacted of employers under statutes substantially similar to the Massachusetts law. Thus, a claim for contributions under the Missouri unemployment compensation statute was held to be a debt and not a tax. In re Mosby Coal & Mining Co., D.C., 24 F.Supp. 1022.

The same conclusion was reached respecting a claim for contributions under the Pennsylvania law. In re William Akers Jr., Co., Inc., D.C., 31 F.Supp. 900; In re Fidelity Fuel Co., D.C., 35 F.Supp. 919.

The decisions in these cases seem to have been largely predicated upon the provisions of the statutes giving priority to "contributions" over other claims against the employer except taxes. The view that these provisions, which are found in the Massachusetts law, showed a legislative intent to create debts rather than to impose taxes was definitely rejected in Re Siegelbaum's, Inc., D.C., 38 F.Supp. 1009, 45 A.B.R., N.S., 418, where the court was of the opinion that the contributions were not subordinated to, but were granted an equality with, taxes.

The New Jersey unemployment compensation law was held to create debts, but that statute especially provided that contributions were personal debts of the employer to the state. In re Umans Bleachery, Inc., D. C., 34 F.Supp. 694.

There are provisions found in the Massachusetts law (sec. 5, Chap. 151 A) which indicate a legislative purpose to impose taxes. The director for the collection of payments has all the remedies provided by the Massachusetts laws for collection of taxes on personal property by collectors of taxes in addition to a right of action in contract.

The weight of authority favors the view that the unemployment compensation laws enacted by the states impose a tax. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327 (Alabama law); In re Independent Automobile Forwarding Corp., 2 Cir., 118 F.2d 537 (New York law); In re Oshkosh Foundry Co., D.C., 28 F.Supp. 412 (Wisconsin law); In re Mid America Co., D.C., 31 F.Supp. 601 (Illinois law); In re Mytinger, D.C., 31 F.Supp. 977 (Texas law); In re Siegelbaum's, Inc., supra (Connecticut law).

There can be little doubt that the contributions required of employees under these statutes possess all the essential elements of a tax. The payment is compulsory and is compelled for a public purpose. Carmichael v. Southern Coal & Coke Co., supra; Howes Bros. Co. v. Massachusetts Unemployment Compensation Commission, 296 Mass. 275, 5 N.E.2d 720.

In the Carmichael case, [301 U.S. 495, 57 S.Ct. 872, 81 L.Ed. 1245, 109 A.L.R. 1327], the United States Supreme Court said they saw "no reason to doubt that the present statute is an exertion of the taxing power of the state."

In the case of Howes Bros. Co., supra, the Massachusetts Supreme Judicial Court,

however, held that the Massachusetts law was enacted in the exercise of the police powers of the state, but whether the attribute of sovereignty brought into play is the taxing or police power of the state, the obligations imposed by these statutes are properly included in the word "tax", as that word is used in the Bankruptcy Act. In re Otto F. Lange Co., supra; In re Mid America Co., supra.

I rule, therefore, that the contributions exacted by the Massachusetts unemployment compensation act are taxes. It remains to consider whether under the peculiar circumstances of the case at bar a claim for the unpaid contributions, accruing after the petition in bankruptcy was filed, is provable and, if so, if it has been properly proved.

It is clear that the bankrupt was an employer subject to the Act when the involuntary petition was filed. The amount of the contributions due thereafter of course depended upon the pay roll, as shown in a report required by regulations of the director to be filed after July 1 and, therefore, became payable after the receiver was appointed. Moreover, section 63 of the Bankruptcy Act, which deals with proof of debts either expressly or by necessary implication (Zavelo v. Reeves, supra), limit the class of provable claims to those arising prior to the filing of the petition. That limitation does not necessarily extend to claims for taxes which were given priority by section 64, sub. a(6), 11 U.S.C.A., § 104, sub. a(6).

Prior to the Chandler Act, the Bankruptcy Acts required the court to "order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality in advance of the payment of dividends to creditors * * *." Under these provisions all taxes of whatever nature and whenever assessed or payable were given the priority accorded by statute if they were legally due and owing by the bankrupt. New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284; Dayton, Tr., v. Stanard, Treas. of Pueblo County, Colorado, 241 U.S. 588, 36 S.Ct. 695, 60 L.Ed. 1190; Matter of F. G. Borden Co., 7 Cir., 275 F. 782, 47 A.B.R. 396; In re Flynn, D. C., 134 F. 145; In re Crowell, D.C., 199 F. 659; In re Sherwoods, Inc., 2 Cir., 210 F. 754, Ann.Cas.1916A, 940.

This requirement is omitted in the Chandler Act, but the omission does not signify that any new limitation is to be imposed upon the meaning of the word "taxes" as used in the bankruptcy law.

While I have not been able to discover any authority dealing with the question of the provability of taxes which become due between the date of the petition and the date of the adjudication, I am prepared to rule that the claim of the Commonwealth for the contributions in question is allowable as a tax legally due and owing by the bankrupt to the Commonwealth of Massachusetts and entitled to priority under 64, sub. a(4).

Apparently, however, the claim has been presented as a debt for which priority is claimed under the statutes of Massachusetts. Sec. 7, ch. 151A. This section provided in part that contribution payments "shall have priority over other claims against an employer, except tax and wage claims." The Chandler Act, unlike the earlier Bankruptcy Act, accords priority only to debts owing to any person who, by the laws of the United States, are entitled to priority. Sec. 64, sub. a(5). As a claim having priority only under state laws, it was properly disallowed.

Prior to the effective date of the Chandler Act, it was not necessary to file any claim for taxes. It was the duty of the trustee to discover and pay all taxes due from the bankrupt or his estate.

Under the Chandler Act, however, the state is required to prove and file its claim in the manner provided in section 57 of the Chandler Act, 11 U.S.C.A. § 93.

The referee in his certificate doubts the sufficiency of the form of proof. It is obvious that the form does not conform to any prescribed by the Supreme Court in its General Orders, see forms Nos. 28, 29 and 31, 11 U.S.C.A. following section 53, but I doubt whether that defect alone is sufficient to defeat the rights of the Commonwealth. The proof as filed seems to answer the requirements of section 57, sub. a. Substantially it is a statement under oath, in writing, signed by the duly authorized officer of the Administrative Bureau entitled to act for the Commonwealth, setting forth the claim and the consideration therefor and the other necessary allegations. The claim is sworn to by this officer. To reject the claim solely on the ground that it was not formally stated in the way prescribed in the forms found in the General Orders would be attaching undue

significance to the form and disregarding the substance of the matter.

However, the claim as filed, with all its defects, was sufficient to form the foundation for a good proof by perfecting amendments. That this court has the power to allow such amendments after the time limit is well established. Matter of Drexel Hill Motor Co., D.C., 270 F. 673, 46 A.B.R. 411; In re Haskell, D.C., 228 F. 819; Hutchinson v. Otis, Wilcox & Co., 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; Commonwealth of Massachusetts v. Meehan, 1 Cir., 67 F. 2d 638. See Sabin v. Blake-McFall Co., 9 Cir., 223 F. 501, 35 A.B.R. 179.

The Division of Unemployment Compensation may within fifteen days file an amended proof by the Director acting in behalf of the Commonwealth in a form substantially similar to Form No. 29 in the General Orders, promulgated September, 1939, modified to meet the facts of the case, claiming priority under section 64, sub. a(4) of the Bankruptcy Act of 1938. If such an amended claim is filed, it will be allowed and the order of the referee disallowing the original claim will be reversed. Otherwise, the order of the referee will be affirmed. See Seligman v. Gray, Tr., 1 Cir., 227 F. 417, 35 A.B.R. 516.