In re BROOM.

(District Court, W. D. New York. June 11, 1903.)

No. 1,235.

**1. BANKRUPTCY—CLAIMS ENTITLED TO PRIORITY—TAXES.**
A claim for taxes assessed by a municipality against property of which a bankrupt was lessee, and which by his lease he contracted to pay, is not entitled to preference of payment as taxes legally owing by the bankrupt, under Bankr. Act 1898, § 64a, Act July 1, 1898, 30 Stat. 563, c. 541 [U. S. Comp. St. 1901, p. 3447], whether presented by the municipality or the lessor, the liability of the bankrupt therefor being merely contractual.

In Bankruptcy. On review of decision of referee.

James Breck Perkins, for Flour City National Bank.
Adler & Adler, for trustee.

HAZEL, District Judge. This is a review of a decision of Referee Van Voorhis. The facts are fully stated in the opinion of the referee.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 535.

The bankrupt, lessee of the Flour City National Bank, agreed in terms to pay the water rates and charges accruing and assessed upon leased premises during his occupancy. At the time of the filing of the petition in bankruptcy the sum of $364.90 was unpaid for such water rates and charges, and had been assessed against said leased premises situate in the city of Rochester, N. Y. The bank, owner of the leased property, is primarily and admittedly liable for all taxes assessed thereon. It has petitioned this court for an order directing the trustee to pay as preferred claim, under section 64(a), Act July 1, 1898, 30 Stat. 563, c. 541 [U. S. Comp. St. 1901, p. 3447], the water taxes assessed on the leased premises during the occupancy of the bankrupt, and owing by him under the lease to the municipality of Rochester. The referee decided that under that section only such taxes could be legally paid by the trustee in advance of the payment of dividends to creditors as were due and owing by the bankrupt to the municipality, and that the tax in question, if the assessment for water can be classed as a tax, is against the property upon which the water was used in the name of the owner, and is not a tax against the bankrupt. The referee is right in his conclusion. Undoubtedly the provisions of sections 110 and 473 of the municipal charter and the rules in force which are made a part of the contract for the supply of water constitute as a tax all charges for water rents or rates; but such tax is a tax upon the property benefited, and not such a liability as will enable a municipality to enforce the debt for unpaid taxes as a preferential claim against the bankrupt estate of a lessor. Brandenberg on Bankruptcy, p. 645.

The only liability of the bankrupt for the taxes specified, and which is sought to be allowed as a preferred claim, is a contractual one between the bankrupt and the Flour City National Bank, and therefore cannot be regarded as a tax owing from the bankrupt to any municipality, within the provisions of section 64(a). This section must be strictly construed when it would inure to the benefit of a particular creditor, and not to a municipality. This precise question was decided under the former bankruptcy act in In re Parker, Fed. Cas. No. 10,719, adverse to the contention of the petitioner herein. By section 28 of the act of March 2, 1867, 14 Stat. 517, c. 176, all debts due to the United States, and all taxes and assessments under the laws thereof, were entitled to preferential payment in full. The provision governing priority of payment of taxes under the present act includes, among others, municipal taxes legally due and owing by the bankrupt. No language is employed which will permit the interpretation contended for by the petitioner. Assuming, therefore, that the municipal charter of the city of Rochester expressly includes water rates, rents, or charges as within the definition and legal scope of the word "taxes," I am, nevertheless, of the opinion that the failure of the bankrupt to comply with his covenant to pay water rates or charges neither gave to the municipality or to the lessor a claim to priority of payment out of the funds of the estate of the bankrupt.

Decision of the referee affirmed.