**In re HILLS et al.**

**In re DUNBAR.**

(Circuit Court of Appeals, Second Circuit. February 9, 1915.)

No. 164.

BANKRUPTCY ⬤═346—ADMISSION OF EVIDENCE—PAYMENTS BY TRUSTEE—"TAX."

A charge against a bankrupt, who had covenanted in his lease to pay water rent, for the cost of water actually furnished by the city, as shown by the meter, made under the provisions of New York City Charter (Laws 1901, c. 466) § 475, which gives the city a lien upon the premises for the collection of such charges, is not a "tax" owing by the bankrupt to a municipality, which the trustee is authorized to pay by Bankr. Act July 1, 1898, c. 541, § 64 (a), 30 Stat. 563 (Comp. St. 1913, § 9648).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⬤═346.

For other definitions, see Words and Phrases, First and Second Series, Tax.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

Aron & Vanderveer, of New York City (Mornay Williams, of New York City, of counsel), for petitioner.

Weil & Purvin, of New York City, for trustee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a petition to revise an order of Judge Mayer in the District Court denying a motion for an order requiring the trustee in bankruptcy to pay $355.15 due by the bankrupts for water furnished to them by the city of New York through the meter upon premises leased to them by Cornelia A. Dunbar, the petitioner. The lease provided that the tenant should pay all charges for Croton water assessed or imposed on the premises, the same not so paid to be added to the rent due or to become due.

The petitioner contends that the amount due to the city by the bankrupts is a tax payable by the trustee under section 64 (a) of the Bankruptcy Act before any other claims, being "taxes legally due and owing by the bankrupt to the * * * municipality."

The charter of the city of New York provides two methods for reimbursing the city for water furnished: The first by a direct assessment against the premises of a fixed sum, regardless of the quantity of water used. Section 473. This is a tax. The second by a charge to the consumer for the amount of water actually used, as shown by the city's meter. Section 475. This is a sale on credit, to secure payment of which the charter gives a lien upon the premises. New York University v. American Book Co., 197 N. Y. 297, 90 N. E. 819.

The provision of the lease shows that the petitioner knew that, if the tenants failed to pay for water, her remedy would be to add the sum not paid to the rent. Even if she had paid for the water, or if the

charge had been collected out of her premises, her claim against the bankrupts would be that of a general creditor.

The obligation of the bankrupts to the city, not being a tax, but merely a debt, is not entitled to the priority given to taxes. The city makes no claim. If it were to do so, it could only be as a general creditor. Whether the city has a right to impose a lien upon the landlord's premises for the debt of a tenant is a question which does not arise here, but must be settled between the landlord and the city.

The order is affirmed.