James L. Dougherty, one of the defendants, on March 3d 1921, executed a bond to Oscar S. Haines and Carrie F. Haines, to secure $2,500 in one year, with interest, and this bond was secured by a mortgage made by Dougherty and his wife to Haines, which bond and mortgage were afterward assigned to complainant. Dougherty and his wife, on April 1st, 1921, conveyed the mortgaged premises to Harry W. Bealer Company. Default was made in the payment of interest due March 3d 1932, on said bond and mortgage, and on August 18th, 1932, defendant Harry W. Bealer Company executed and tendered to complainant a deed conveying the mortgaged premises, which deed contained the following provision:
"Also being the same land and premises upon which the said party of the second part now holds a mortgage, and default having been made in the payment of principal and interest on said mortgage and the bond accompanying same, and for the purpose of avoiding foreclosure proceedings, it is the intention of the party of the first part to convey all of its right, title and interest in the equity of redemption in said land and premises to the said party of the second part, his heirs and assigns, which is to be accepted by the said party of the second part in full settlement of said mortgage indebtedness, provided that there are no judgments, mortgages, conveyances, or other liens or claims of record, which might affect the title to said premises before this deed is recorded, or which may be considered as a cloud upon the title thereto, and that no bankruptcy proceedings are instituted by or against the party of the first part within four months from the date of record of said deed. In the event of the happening of any of the contingencies mentioned in the above proviso, the right of the said party of the second part in the bond and mortgage so held by it shall not be deemed to have been extinguished by the acceptance and recording of this deed, but shall be and remain in full force and effect."
The deed was given by defendant Harry W. Bealer Company to complainant's agent for the reason that the defendant was unable to pay the interest then due on the mortgage, or the taxes and assessments upon the mortgaged premises. The deed was dated August 18th, 1932, and recorded on October 19th, 1932, and at the date of the deed, and thereafter until the same was recorded, there were due and unpaid taxes and *Page 461 
assessments on the mortgage premises aggregating $738.53 which were paid by complainant on November 22d 1932, to the borough of Woodlynne. These taxes and assessments were the only liens or claims of record which might affect the title to the premises in question.
It sufficiently appears that the deed executed by Harry W. Bealer Company to the complainant was delivered because it was unable to pay the interest due upon the mortgage and the taxes and assessments then due upon the premises and was so understood by complainant.
The complainant contends that by reason of the defaulted taxes and assessments a lien was created which might affect the title to these premises and thus violate the covenants of the deed; therefore these foreclosure proceedings.
These taxes and assessments would have been prior in their lien to the complainant's mortgage, and in no way could affect or becloud the title so far as affecting the complainant's rights, whether those rights be considered as being acquired by deed from the defendant or by sale under foreclosure of mortgage. Taxes and assessments cannot be said to be of the same nature as judgments, mortgages, conveyances, or other liens or claims of record as contemplated by the provisions contained in the deed in question.
Taxes are, in legal contemplation, neither debts nor contractual obligations, but are, in the strictest sense of the word, exactions. Board of Chosen Freeholders of Atlantic County
v. Weymouth, 68 N.J. Law 652.
A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A tax is an impost levied by authority of government upon its citizens or subjects, for the support of the state. It is not founded on contract or agreement. City ofCamden v. Allen, 26 N.J. Law 398; Baker v. City of EastOrange, 95 N.J. Law 365.
The taxes and assessments due upon the premises at the time of the delivery of the deed do not violate the provisions of the deed in question so as to prevent the settlement of the mortgage indebtedness, and there being no other alleged violations of the terms upon which such deed was accepted, this *Page 462 
deed became an absolute conveyance and the rights of the complainant under his bond and mortgage were extinguished.
The evident reason for these foreclosure proceedings is not because the complainant did not obtain a good title under the deed in question, but is because of his desire to hold the maker of the bond for such deficiency as might arise upon the sale of the mortgaged premises after a decree in this court.
A decree will be made dismissing complainant's bill.