GEORGE ALBERT SCHRADIN, appellant,

*v.*

HARRY W. BEALER COMPANY and JAMES L. DOUGHERTY, respondents.

[Submitted October term, 1934.   Decided January 10th, 1935.]

*Mr. Clinton I. Evans,* for the appellant.

*Mr. Richardson A. Roberts,* for the respondents.

PER CURIAM.

We agree with the conclusion reached by the learned vice-chancellor and with his interpretation of the agreement to release the bond and mortgage contained in the deed of August 18th, 1932, but find it unnecessary to rest our interpretation on the language of the statute alone.

It appears from the findings by the vice-chancellor that when the deed was executed interest was due on the mortgage,

and taxes and municipal assessments covered the property; that these facts were known to both parties to the transaction, and that when the agreement was made it was this very condition that induced its making.

The evidence to support these findings was proper (see *Ryer* v. *Turkel, 75 N. J. Law 677, 685,* where it is said that "the rule prohibiting the receipt of parol evidence to contradict a written agreement, does not in a proper case forbid the throwing of light upon the meaning of the written agreement by evidence of the circumstances of the parties to it \* \* \* or of the condition of its subject-matter;" also *Fletcher* v. *Interstate Chemical Co., 94 N. J. Law 332*), and the facts themselves appear to have been established by the stipulation between counsel filed in the cause.

Whatever interpretation we may give to the words of the proviso "excepting judgments, mortgages, conveyances or other liens or claims of record" standing alone, in the light of the stipulation and proofs we think they are not to be understood as covering the taxes and assessments then known to exist against the property.

If it were otherwise the agreement would be nullified the moment it was executed because of the existence of the claims, thereby making its execution a futile thing without purpose or effect. Such a meaningless performance will not be assumed, and to avoid such a result it is but reasonable to conclude that the municipal liens so existing were not included among "liens and claims" that would defeat the release of the bond and mortgage.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.