## In re MOSBY COAL & MINING CO.
### No. 15241.

District Court, W. D. Missouri, W. D.
Oct. 1, 1938.

Frank P. Barker, of Kansas City, Mo., for bankrupt.

REEVES, District Judge.

In this case Honorable Harry P. Drisler, Treasurer of the Unemployment Compensation Commission of Missouri, has filed a petition to review an order of the referee denying a lien for unpaid contributions under the Unemployment Compensation Act of the State of Missouri, approved June 17, 1937, Mo.St.Ann. § 13194—1 et seq. p. 4770.

Admittedly the amount claimed was due and unpaid, and that the treasurer was entitled to the amount asserted by him to be due. It was his contention, however, that the referee erred in not supplanting liens previously created against the assets of the corporation in favor of his claims. It was the thought of the claimant that Section 4598a, Mo.St.Ann. p. 2039, applied to such contributions and thus and thereby they became prior liens against all of the assets of the corporation, whether previously encumbered or not. By an amendment to the corporation law, approved June 30, 1937, Mo.St.Ann. § 4598a, p. 2039, the legislature of the State of Missouri made "all taxes, or fees, of every character and description, due or owing to the State of Missouri, or any political division thereof, by any * * * domestic corporation * * * a prior lien and a preferred claim against the assets of such corporation."

A short time before this enactment, to-wit, June 17th, 1937, the governor had approved the Unemployment Compensation Act, Mo.St.Ann. § 13194—1 et seq. p. 4770. This act is a code within itself. It makes provision for the creation of a Commission for the administration of the system. It also provides for contributions to an unemployment fund to be administered by such Commission.

By Section 15 of the Act, found in Laws Missouri, 1937, p. 574, l. c. 598, Mo.St.Ann. § 13194—15, p. 4770, provision is made for the collection of such contributions in case of default, and by subdivision (c) thereof, the status of such claims is outlined in case of corporate liquidation. In such case, contributions "shall be paid in full prior to all other claims except taxes and claims for wages of not more than $500.00 to each claimant."

Then specifically the legislature considered the question of priority of such unpaid contributions in the event of liquidation in bankruptcy. It referred specifically to what is generally known as Section 104, Title 11 U.S.C., 11 U.S.C.A. § 104. This section outlines the priorities of debts in bankruptcy proceedings. The statute says: "Contributions then or thereafter due shall be entitled to such priority as is provided in section 64 (b) of that Act (U.S.C. Title XI, sec. 104 (b) [11 U.S.C.A. § 104(b)])."

It is unnecessary to enter into a discussion as to whether the lien law for unpaid taxes as above mentioned applies; obviously it does not.

The Unemployment Commission Act itself undertakes to provide a full and complete remedy for the collection of contributions and specifically outlines the priority rights of the treasurer in case of liquidation in bankruptcy. This section is complete within itself and fixes the rights of the claimant. The very wording of the Act indicates that it was not to be treated as a tax in the usual sense, and as contemplated by Section 4598a supra, for it specifically provides that contribution "shall be paid in full prior to all other claims except taxes", etc.

The order of the referee in bankruptcy was correct and should be confirmed. It is so ordered.