## In re LECHTMAN PRINTING CO.
### No. 15358.

District Court, W. D. Missouri, W. D..
April 12, 1939.

Miller, Gumbiner, Sheffrey & Van Valkenburgh, of Kansas City, Mo., for debtor.

OTIS, District Judge.

We think the order of the referee here sought to be reviewed was the right order. We state our reasons for those conclusions.

1. Under the Chandler Act, 11 U. S.C.A. § 1 et seq., governmental entities to which taxes are owing are entitled to priority as to taxes over creditors for general claims. What was paid the Unemployment Compensation Commission of Missouri was the payment of a tax obligation. Carmichael v. Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

2. Whether the obligation was a tax obligation, undoubtedly it was a debt to a person who, by the Bankruptcy Act of 1898, was entitled to priority over general creditors. So much, in effect, was conceded at the argument of the petition to review by learned counsel for the trustee.

It was substantially conceded also by learned counsel that the order made by the referee directing the trustee to pay the claim of the Unemployment Compensation Commission was, when it was made, a lawful order. The order was made August 13, 1938.

The Chandler Act became effective, by its terms, on September 22, 1938. It provided (or a contemporaneous act applicable to the Chandler Act provided): "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect." Section 6, sub. b, 11 U.S.C.A. § 1 note.

It seems very clear to us that the proper interpretation of the language quoted is this: As to questions in pending cases which have not been decided when the Chandler Act becomes effective (i.e., September 22, 1938), those questions shall be decided in accordance with the provisions of the Chandler Act so far as practicable.

But the question of whether the payment of the Unemployment Compensation Commission's claim, as a claim entitled to priority, should be made or not made, was presented to the referee and decided by the referee on August 13, 1938. That was a question which did not arise after September 22, 1938, in the sense contemplated by Congress when it provided that the Chandler Act "shall govern proceedings so far as practicable in cases pending when it takes effect."

The order of the referee is confirmed and approved. It is so ordered.