694

## In re UMANS BLEACHERY, Inc.
### No. 29354.

District Court, D. New Jersey.

Aug. 27, 1940.

Peter Hofstra, of Paterson, N. J. (Joseph V. Fumagalli, of Paterson, N. J., of counsel), for petitioner Van Vlaanderen Mach. Co.

William Harris, of Newark, N. J. (Harry Pechenik, of Newark, N. J., of counsel), for trustee.

Charles A. Malloy and Herman Ringle, both of Trenton, N. J., for State of New Jersey Unemployment Compensation Commission, amicus curiæ.

WALKER, District Judge.

The question certified by the Referee is: "Did the Referee err in deciding that where property was sold subject to existing taxes and assessments, it was sold subject to claim of the State of New Jersey for Unpaid Unemployment Compensation contributions?"

The Referee did err.

Subdivision (b) of 43:21–14, R.S. of N.J. 1937, amended, Chapter 309, P.L. 1939, N.J. S.A. 43:21–14, reads: "The contributions, penalties, and interest due from any employer under the provisions of this chapter, from the time they shall be due, shall be a personal debt of the employer to the State of New Jersey, recoverable in any court of competent jurisdiction in an action at law in the name of the State of New Jersey. Such debt, whether sued upon or not, shall be a first lien on all property of the debtor except as against an innocent purchaser for value in the usual course of business and without notice thereof, and shall have preference in any distribution of the assets of the employer, whether in bankruptcy, insolvency or otherwise. * * *"

■ A tax in its essential characteristics is not a debt, nor in the nature of a debt. It is an impost levied by authority of government upon its citizens or subjects for the support of the state. Schradin v. Harry W. Bealer Co. et al., 114 N.J.Eq. 459, 168 A. 854, affirmed, 117 N.J.Eq. 443, 176 A. 321; Brunner v. Morrison, 123 N.J.Eq. 224, 196 A. 716.

■■ It is a fundamental principle of statutory construction that a legislature is presumed to be familiar with the common law and statutes of its own state (Ross v. Miller, 115 N.J.L. 61, 178 A. 771), and common words are to be taken in their ordinary significance. Evening Journal Ass'n v. State Board of Assessors, 47 N.J. L. 36, 54 Am.Rep. 114; Storage Co. v. Assessors, 56 N.J.L. 389, 29 A. 160; Hackensack Trust Co. v. City of Hackensack, 116 N.J.L. 343, 184 A. 408; State Board of Examiners v. Plager, 118 N.J.L. 434, 193 A. 698.

■ This Court finds that the legislature, when it used the word "Debt", did so with full knowledge that a tax, in its essential characteristics, is not a debt nor in the nature of a debt, and therefore the public

sale of the real estate owned by the bankrupt, subject to existing taxes, assessments and a certain identified mortgage, was not subject to a claim of the State of New Jersey for unpaid unemployment compensation contributions.

An order in accordance with the foregoing should be presented.