## In re SIEGELBAUM'S INCORPORATED.

### No. 19775.

District Court, D. Connecticut.

March 20, 1941.

1010

Harry Silverstone, Asst. Atty. Gen., of Hartford, Conn., for the State of Connecticut.

Abraham Wofsey, of Stamford, Conn., for George E. Wexler.

CLARK, Circuit Judge, sitting as District Judge pursuant to statutory designation.

The State of Connecticut has filed claim for $511.06 payable by the bankrupt as "contributions" assessed against it under the Connecticut Unemployment Compensation Act of 1937, now Conn.Gen.Stat.Supp. 1939, c. 280a, § 1334e et seq. The claim itself is admitted, but on the State's demand for priority of payment from the assets in the possession of the trustee the referee has ruled adversely, and the State petitions for review. The sole question is whether or not the State is entitled to priority for the amount of the claim as for "taxes legally due and owing by the bankrupt to * * * any State or any subdivision thereof," within the meaning of those words as used in § 64, sub. a(4), of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(4).

I am bound by the recent decision in In re Independent Automobile Forwarding Corp., 2 Cir., March 17, 1941, 118 F.2d 537, to hold that such "contributions" are taxes and that the State is entitled to priority. In that case the court upheld priority on a claim in bankruptcy made by the State of New York under an unemployment insurance law, N.Y.Labor Law, art. 18, § 500 et seq., Consol.Laws, c. 31, identical in every respect here material with the Connecticut law. The court's declaration that "the amount so to be paid into the state fund is a tax" must be taken to be an approval of the district court's statement that the general characteristics of contributions, as defined by the laws of both states, justified treating them as ordinary taxes for priority purposes. In re Independent Automobile Forwarding Corp., D.C.W.D.N.Y., 35 F. Supp. 919, 922.

It may be added that in fact the characteristics of these contributions are those of a tax. They are compulsory exactions by the state, Conn.Gen.Stat.Supp. 1939, § 1336e, payable into the state treasury, § 1343e, collectible "by any means provided by law for the collection of any tax due to the state of Connecticut or to any subdivision thereof." § 1345e(b); New Jersey v. Anderson, 203 U.S. 483, 492, 27 S.Ct. 137, 51 L.Ed. 284. In only one detail does the point seem debatable. Section 1345e(c) provides that in state liquidation proceedings contributions "shall be paid in full prior to all other claims except taxes." The trustee contends that this places contributions after taxes, though before general claims, and in any event shows a legislative view that they are distinct from taxes. The petitioner argues, however, quite reasonably that this is not a subordination, but a grant of equality of contributions with taxes, as indicated in the general state priority statute. Gen.Stat.1930, § 4870. In any event, the legislative choice of names or terms does not determine whether or not the exaction is a tax within the meaning of the Bankruptcy Act. New Jersey v. Anderson, supra. Moreover, Waterbury Savings Bank v. Danaher, Conn., Nov. 6, 1940, 20 A.2d 455, holding that these "contributions" are "taxes," from which a federal instrumentality is immune, clearly refutes the inference of a contrary legislative intent and indicates that the State's view as to relative priorities in state proceedings will be the one accepted by the Connecticut Supreme Court.

Contributions have been held to be taxes when their constitutionality was put in question, Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 508, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327, and assumed to be taxes when attacked by one claiming immunity as a federal instrumentality. Buckstaff Bath House Co. v. McKinley, 308 U.S.

358, 60 S.Ct. 279, 84 L.Ed. 322; cf. Waterbury Savings Bank v. Danaher, supra. And in cases before the various district courts, contributions have usually enjoyed priority as taxes. In re Sixty-Seven Wall Street Restaurant Corp., D.C.S.D.N.Y., 23 F.Supp. 672; In re Oshkosh Foundry Co., D.C.E.D.Wis., 28 F.Supp. 412; In re Mid America Co., D.C.S.D.Ill., 31 F.Supp. 601; In re Mytinger, D.C.N.D.Tex., 31 F.Supp. 977; In the Matter of Lechtman Printing Co., D.C.W.D.Mo., 38 F.Supp. 1008. But see In re Mosby Coal & Mining Co., D.C.W.D.Mo., 24 F.Supp. 1022; In re William Akers, Jr., Co., D.C.E.D.Pa., 31 F.Supp. 900; In re Fidelity Fuel Co., D.C.E.D.Pa., 35 F.Supp. 919; In re Umans Bleachery, D.C.N.J., 34 F.Supp. 694.

The fact that the unemployment insurance laws considered in these cases, as well as in the Independent Automobile Forwarding Corporation case, are laws of other states is not sufficient to distinguish the nature of contributions levied by Connecticut under its unemployment insurance law. Each law was passed as an act of state co-operation in a national scheme of unemployment insurance initiated by the federal Social Security Act of 1935, 42 U.S.C.A. c. 7, § 301 et seq., in conformity with the general conditions of 42 U.S.C.A. § 1103, and to take advantage of the credit against the federal tax on employers allowed in respect of their contributions to a state fund. 42 U.S.C.A. § 1102. All of the several state laws are substantially the same on points here material, and it would be regrettable if minute differences in phraseology led to practical differences in the operation of a national plan. That some of the cited cases in accord with the view here taken were prior to the Chandler amendment to the Bankruptcy Act, supra, denying all state priorities except for taxes, In re National Studios, Inc., 2 Cir., March 17, 1941, 118 F.2d 329, does not lessen their force, since they were decided on the same grounds which persuade me herein.

It is argued that these contributions differ from "taxes" in being segregated for the special purpose of unemployment insurance, and that they are actually compulsory insurance premiums, analogous to workmen's compensation assessments, which have been denied priority as taxes. In re Farrell, D.C.W.D.Wash., 211 F. 212. Compare the conflicting views on municipal water rents as taxes. In re Hills, 2 Cir., 221 F. 260; McDowell v. City of Barber-

ton, Ohio, 6 Cir., 38 F.2d 786; In re Industrial Cold Storage & Ice Co., D.C.E.D.Pa., 163 F. 390. But what was collected as a tax and paid into the state treasury as such would not undergo metamorphosis by reason of the manner of its subsequent distribution. Even if it should, these contributions are distributed in pursuance of a program which is now a recognized part of the state's duties, for the support of which taxes are certainly permissible. Carmichael v. Southern Coal & Coke Co., supra. On the other hand, the idea that they are merely insurance premiums paid the state as agent is inconsistent with the fact that they are compulsory, that they are paid by one group for the benefit of another, and that there is no attempt to equate an employer's liability with the risk of unemployment to his employees.

The parties have agreed that if any question develops as to the amount of the claim, it may be decided by the referee hereafter.

It is accordingly ordered that the referee's order denying priority to the claim of the State of Connecticut be reversed.