In re Harry C. ADAMS and Catherine Anna Adams, Debtors.

Bankruptcy No. 81–01028G.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 18, 1982.

Andrew N. Schwartz, Philadelphia, Pa., for debtors, Harry C. Adams and Catherine Anna Adams.

James J. O'Connell, Philadelphia, Pa., standing trustee.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the bench is whether the debts owed by the debtors to the City of Philadelphia for water and sewer rents are entitled to priority status pursuant to § 507(a)(6) of the Bankruptcy Code ("the Code"). We conclude that such debts are entitled to priority because, under Pennsylvania law, they are in the nature of property taxes.

The facts of this case are as follows:[1] On March 25, 1981, Harry C. and Catherine Anna Adams ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On July 14, 1981, the City of Philadelphia filed a priority proof of claim in the amount of $1,215.32. The debtors objected to that claim to the extent that it sought priority of $220.82 for past water and sewer rents. At the hearing on the confirmation of the debtors' plan, we held under advisement the issue of whether the debts for water and sewer rents due the City of Philadelphia are entitled to priority.

Under the former Bankruptcy Act, the courts were split on whether debts for water and sewer rents were entitled to priority status.[2] In this district, however, such debts, owing to the City of Philadelphia, were held to be priority claims. *In re Industrial Cold Storage & Ice Co.*, 163 F. 390 (E.D.Pa.1908). However, those cases were based on an interpretation of §§ 64(a)(4)

and 17(a)(1) of the former Bankruptcy Act which provided generally for priority status for any *tax* which became legally due and owing to the United States, a state or a subdivision of a state within three years preceding bankruptcy. 11 U.S.C. §§ 104(a)(4) and 35(a)(1) (repealed 1978).

The new Bankruptcy Code changed the priority status accorded to debts for taxes. Instead of according priority status to all taxes, the Code grants priority status only to those types of taxes listed in § 507(a)(6), namely, (A) income or gross receipts taxes, (B) property taxes, (C) withholding taxes, (D) employment taxes, (E) excise taxes and (F) customs duties. 11 U.S.C. § 507(a)(6). Therefore, unless the Philadelphia water and sewer rents fall within one of those categories, they are not entitled to priority status.

Under Pennsylvania law, however, the debts owed to the City of Philadelphia for water and sewer rents are chargeable to the real property which uses those services and the City may obtain a lien on that property for those debts. *See* Pa.Stat.Ann. tit. 53, §§ 2231, 2934 and 7101 *et seq.* (Purdon). Consequently, we conclude that such debts are in the nature of property taxes and are, thus, entitled to priority status to the extent permitted under § 507(a)(6)(B) of the Code.

Section 507(a)(6)(B) gives priority for "a property tax assessed before the commencement of the case and last payable without penalty after one year before the filing of the petition." From the proof of claim submitted by the City of Philadelphia, the amount of the water and sewer rents which were assessed and became payable without penalty within one year of the filing of the debtors' petition is $130.60.[3] Because

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *Compare McDowell v. City of Barberton*, 38 F.2d 786 (6th Cir. 1930); *In re Industrial Cold Storage & Ice Co.*, 163 F. 390 (E.D.Pa.1908); *In re Broom*, 123 F. 639 (W.D.N.Y.1903) *with In re Hills*, 221 F. 260 (2d Cir. 1915); *In re Park Brew Co.*, 35 Am.B.R. 652 (D.R.I.1915). *See*

*generally,* 3A Collier on Bankruptcy ¶ 64.404[1] and [2] at 2167–74 (14th ed. 1978).

3. The attachment to the proof of claim lists the amounts due for water and sewer rents after March 15, 1980 (one year before the petition was filed) as $32.65 on 6/11/80, $32.65 on 8/29/80, $32.65 on 12/01/80 and $32.65 on 3/09/80, totaling $130.60.

§ 507(a)(6)(C) also accords priority status to a penalty which is related to a claim under that section if it is in compensation for actual pecuniary loss, we conclude that the City of Philadelphia is also entitled to priority for its claim of $9.46 in penalties related to the above water and sewer rents.[4] Thus, we find that the claim of the City of Philadelphia for water and sewer rents is a priority claim in the amount of $140.06 and is a general unsecured claim in the remaining amount of $80.76.[5]

---

4. The attachment to the proof of claim lists penalties due after March 15, 1980, of $3.10, $2.61, $2.12 and $1.63, totaling $9.46.

5. Any secured status which the claim of the City of Philadelphia may have by virtue of Pa.Stat.Ann. tit. 53, §§ 2231, 2934 and 7101 *et seq.* (Purdon) has been lost because the City of Philadelphia did not timely file a proof of se-

cured claim. *See* Rule 13–302(e)(1) of the Rules of Bankruptcy Procedure.