**In re MEL–RIC PLATING, INC.,
Debtor in Possession.**

**Bankruptcy No. 8200767.**

United States Bankruptcy Court,
D. Rhode Island.

March 7, 1984.

Robert Rahill, Pawtucket, R.I., for City of Pawtucket Water Supply Board.

Martin Johnson, Johnson & Johnson, Providence, R.I., for debtor in possession.

---

### DECISION DENYING PRIORITY STATUS TO CLAIM 11 OF THE CITY OF PAWTUCKET WATER SUPPLY BOARD

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on December 15, 1983 on the debtor's objection to the claim of the City of Pawtucket Water Supply Board, which seeks priority status for the payment of water bills, pursuant to 11 U.S.C. § 507(a)(6)(B),[1] on the theory that water charges are a form of property tax. For the reasons stated below, we conclude that the claim in question is not entitled to priority.

The debtor, Mel-Ric Plating, Inc., filed a Chapter 11 petition on September 13, 1982. At the time of the filing, Mel-Ric was located in West Warwick, Rhode Island, but prior to that was a tenant, conducted its business, and consumed water at 9 Dunnell Lane in Pawtucket. The City of Pawtucket filed a priority claim in the amount of $9,453,[2] and cites two recent decisions where it was held that "water rents" owed to the municipality were entitled to priority status because they were in the nature of a property tax. *In re New England Carpet Company, Inc.*, 26 B.R. 934 (Bkrtcy.D.Vt. 1983); *In re Adams*, 17 B.R. 742 (Bkrtcy.E.D.Pa.1982). Both the Vermont and Pennsylvania decisions depend upon the specific language of their respective state statutes in the determination of whether water charges should be construed as property taxes entitled to priority status under § 507(a)(6)(B). *See* VT.STAT.ANN. tit. 24, § 3306 and PA.STAT.ANN. tit. 53, §§ 2231, 2934, and 7101 *et seq.* (Purdon). These state statutes of Pennsylvania and Vermont

---

1. Section 507(a)(6)(B) provides as follows:

    (a) The following expenses and claims have priority in the following order:

    . . . . .

    (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

    . . . . .

    (B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition. . . .

2. The $9,453 claimed by the City of Pawtucket appears to be in dispute, judging from the order of distribution attached to the debtor's second amended plan of reorganization, which lists the amount owed as $7,841.

are simply not pertinent to the determination of whether, under Rhode Island law, water charges owed by the debtor-tenant herein to the City of Pawtucket are entitled to priority status. The facts and the applicable statutory language distinguish these decisions [3] from the case at bar.

R.I.GEN. LAWS § 39–15–12 provides in pertinent part as follows:

> 39–15–12. *Liability of landowner for water charges—Lien.*—The owner of any ... building ... shall be liable for the payment of the price ... for the use of water furnished by such ... city, ... to the owner or occupant of such ... building, ... and such ... rent ... shall be a lien upon such ... building, ... in the same way and manner as taxes assessed on real estate are liens, and, if not paid as required by said ... city, ... shall be collected in the same manner that taxes assessed on real estate are by law collected....

The Rhode Island statute creates a lien against the property to which water was supplied by a city, and provides that such charges "shall be collected in the same manner that taxes assessed on real estate are by law collected."

In the instant proceeding, the debtor, Mel-Ric Plating, Inc., is a tenant (not the owner) in property which Pawtucket contends is the basis or support for its priority claim, vis-a-vis this estate. Therefore, even were the Court to construe the statutory lien for water charges to be in the nature of a property tax, such tax would not constitute a debt entitled to priority against *this* non-owner debtor.

Based upon the language of R.I.GEN. LAWS § 39–15–12, and upon the provisions of 11 U.S.C. § 507(a)(6)(B), the City of Pawtucket's claim for water charges is disallowed as a priority claim, and is allowed as an unsecured, class 4 claim under the plan as confirmed on November 21, 1983.

---

**3.** Similarly, in a recent decision rendered in the District of Utah, it was held that, pursuant to a Utah statute, garbage collection fees owed to Salt Lake County were treated as property taxes entitled to priority status. *In re Ayala,* 35 B.R. 651, 11 B.C.D. 371 (Bkrtcy.D.Utah 1983.) In that case the debtor was the owner, not the tenant, of the serviced property against which a statutory lien was placed. As with the Vermont and Pennsylvania decisions relied upon by Pawtucket, the Utah decision is simply not applicable, on the facts, to the case at bar.