In re DUTCHER.

(District Court, W. D. Washington, N. D.    May 20, 1914.)

No. 917.

1. BANKRUPTCY (§ 348*)—CLAIMS—WAGES—PRIORITY—RIGHTS OF ASSIGNEE.

An assignee of wages of workmen employed by a bankrupt is entitled to the same priority of payment to which the workmen would be entitled under Bankr. Act July, 1898, c. 541, § 64b (4), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that debts due workmen shall be entitled to priority over general debts for an amount not exceeding $300.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. § 348.*]

2. SUBROGATION (§ 31*)—RIGHTS OF SURETY—PRIORITY.

Where a bond given by a municipal contractor was conditioned that the wages of workmen should be paid, and, after the contractor became a bankrupt, the surety purchased certain claims of laborers employed by the bankrupt, the surety, though primarily liable to the creditor, was only collaterally liable to the principal, and hence the fact that it was surety did not deprive it of the right of subrogation to the rights of its assignors nor of the right to priority of payment out of the bankrupt's estate, as against general creditors.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 70-91; Dec. Dig. § 31.*]

3. PRINCIPAL AND SURETY (§ 65*)—PAID SURETY.

That a surety company was paid to execute a bond for a municipal contractor did not make his debt its debt as between them.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 105; Dec. Dig. § 65.*]

4. SUBROGATION (§ 33*)—RIGHT TO PREFERENCE—SURETY.

A surety may obtain a right to preferential payment by subrogation.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 96-98; Dec. Dig. § 33.*]

In Bankruptcy. In the matter of William Dutcher, bankrupt. On petition to review an order allowing the Title Guaranty & Surety Company a preference under an assignment of certain laborers' claims for services rendered the bankrupt. Affirmed.

James P. H. Callahan, of Hoquiam, Wash., for trustee.
T. H. McKay, of Aberdeen, Wash., for petitioning creditors.
Frank Beam, of Aberdeen, Wash., for respondent.

NETERER, District Judge. A petition has been filed by the trustee and general creditors for a review of the order of the referee granting priority of payment to the assignee of claims of workmen over the general creditors. Prior to June 8, 1911, the bankrupt was engaged in grading certain streets in Aberdeen, Wash., under a con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract with the city. The Title Guaranty & Surety Company was surety on the bond given by him to the city, one of the conditions of which was that the wages of workmen should be paid. On said date the bankrupt abandoned the contract, with the work on three streets designated therein not yet completed, and the surety company was required to and did complete the work under the contract. The order of adjudication was entered June 8, 1911. Although assignments of the workmen's claims were made in the name of Frank Beam, it is conceded that the money to pay them was furnished by and the assignments were for the benefit of the surety company. The trustee now has $3,611.45, which was derived from the sale of the bankrupt's property; the amount realized from the contract with the city having been paid out by the trustee on order of the referee. The assigned claims here in question amount to $3,035.02.

[1] Under section 64b (4) of the Bankruptcy Act, wages, due to workmen, clerks, and servants, not exceeding $300 to each claimant, earned within three months prior to the commencement of the bankruptcy proceedings, are entitled to priority of payment over general debts, after the payment of taxes, expenses of administration, etc. It has been held that the assignee of such workmen is entitled to the same priority of payment. Shropshire, Woodliff & Co. v. Bush, 204 U. S. 186, 27 Sup. Ct. 178, 51 L. Ed. 436; In re Fuller & Bennett (D. C.) 152 Fed. 538; Remington on Bankruptcy, §§ 2135, 3183.

[2] The petitioners contend, however, that the surety company, being primarily liable for the payment of these claims, could not obtain the benefit of the workmen's right to preference, either by virtue of the assignment or by operation of the doctrine of subrogation. I do not see any merit in this contention. The contract of suretyship makes a surety primarily liable to the creditor, but as to the principal he is only collaterally liable. 32 Cyc. 20. The fact that a surety is primarily liable to the obligee does not rob him of the right of subrogation.

"A surety who has paid the debt of the principal is at once subrogated to all the rights, remedies, securities, liens, and equities of the creditor, for the purpose of obtaining reimbursement from the principal debtor." 37 Cyc. 402.

The authorities cited by petitioners in this connection are to the effect that the surety on a bond such as the one here in question is liable primarily, not only to the city, but to the workmen. U. S. v. Rundle, 100 Fed. 402, 403, 40 C. C. A. 450; U. S. Fidelity & Guaranty Co. v. Omaha Bonding, etc., Co., 116 Fed. 145, 53 C. C. A. 465; U. S., etc., v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526; United Surety Co. v. Iowa Manf. Co., 179 Fed. 55, 102 C. C. A. 623; U. S. v. Kimpland (C. C.) 93 Fed. 403. This merely makes the question the same as if the workmen were the obligees in the bond instead of the city. It does not change the principle involved. While the obligation as to the workmen is primary, yet, as between the principal and the surety, the liability of the surety is collateral. The rule stated in 37 Cyc. 374, to the effect that there is no right of subrogation where the obligation discharged is a primary one, has reference to an obligation primary, not only as between the person to whom it is paid and the person pay-

ing it, but as between the person paying it and the person against whom the right of subrogation is claimed. The surety company was liable only because the bankrupt was liable, and, when it paid the debt of the bankrupt, the bankrupt could not say as between himself and the surety company that the debt was discharged. ·

[3] The fact that the surety company was paid to execute the bond does not make the bankrupt's debt its debt as between it and the bankrupt.

The doctrine of subrogation is recognized in section 57i of the Bankruptcy Act and General Orders in Bankruptcy, XX (4), providing for proof of the claim of a person contingently liable and his subrogation to the rights of a creditor.

[4] A preference is a right which a surety may obtain by subrogation. 37 Cyc. 426. The surety company would therefore be entitled, through the operation of the doctrine of subrogation, to preference in payment of the claims which it has discharged. The fact that it took an assignment of the claims does not place it in a weaker position, as the assignee under the cases cited above is entitled to the preference given the workmen. The argument that the policy of the law permitting the assignee of a workman's claim to succeed to his preference does not apply where the assignee, as a surety, was bound to pay the claim is unsound. The policy of the law would look with more favor upon one who is under a duty to pay a debt than upon one who is not. For example, the benefit of subrogation is extended to sureties, guarantors, and others under a duty to discharge the debt, but it is not given to mere volunteers. Surely, if the law extends the right of preference to a mere volunteer who pays the debt due a workman and takes an assignment from him, it will not deny it to one who is under a duty to pay the debt of another, pays it, and takes an assignment.

An order may be presented confirming the decision of the referee.