### In re STULTZ BROS.

(District Court, S. D. New York. June, 1915.)

BANKRUPTCY ⊚⟶348—PREFERENCES—ASSIGNED CHECKS FOR WAGES.

One who cashes checks given by a bankrupt to his workmen for wages is entitled to a preference as an assignee of the claims for wages; the checks unpaid not discharging the debts for which they were given.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊚⟶348.]

In Bankruptcy. In the matter of Stultz Bros., bankrupts. On review of referee's decision on claim of John Bentz for priority. Reversed, and claim allowed.

A. M. Levine, of New York City, for claimant.
Albert M. Levy, of New York City, for trustee.

AUGUSTUS N. HAND, District Judge. This is a proceeding to review the decision of the referee in bankruptcy, who held that the claim of John Bentz was not entitled to priority. The claimant cashed checks of the bankrupt, which the latter gave his workmen in payment for their wages. The bankrupt had asked Bentz to cash checks for his workmen, and to keep the checks for two or three days, and had then promised to make them good. This arrangement was carried out for some time, but finally checks amounting to $270.83, which had been cashed, were not made good, and remained unpaid at the time of adjudication.

I am clear that the creditor can establish no right to a preference on any theory of subrogation because he did not stand in the position of a surety toward the workmen. Upon another theory, however, he seems to be entitled to preference. The workmen themselves were entitled to have their wages, which the checks represented, paid in preference to general creditors. The Circuit Court of Appeals of the First Circuit, in the case of In re Worcester County (C. C. A., 1st Cir.) 4 Am. Bankr. Rep. 496, 102 Fed. 814, 42 C. C. A. 637, said, in discussing a claim for a preference which had been reduced to a note:

"In bankruptcy, it is of no consequence whether proof was made of the original account or of the note. * * * Taking a note does not discharge an original debt, which has any privileges, and either might be proved. Such is the law of the federal courts. * * *"

---

The Supreme Court likewise held in The Kimball, 3 Wall. 37, 18 L. Ed. 50, that a lien in admiralty upon a ship was not discharged by taking a note for it. I can see no difference between a note and a check, except in form. A check is really a domestic bill of exchange, upon which the liability of the drawer is the primary liability, unless it is accepted by the bank, and the bank is under no obligation to the payee, though it may be to the drawer, to accept the paper.

Thus it is clear in the present case that the checks in the hands of the workmen would have in no wise altered the nature of their claims, and they could have proved them and claimed priority, as they were for wages. Bentz. purchased the checks, and was nothing more than an assignee of the several choses in action held originally by the workmen for their wages, except that the law merchant gave him certain additional rights against the workmen, who had indorsed the checks as well as against the bankrupt who made them. That an assignee of a claim for wages stands in the shoes of the assignor and is entitled to all rights of preference was settled by the Supreme Court in the Case of Shropshire, Woodliff & Co., 204 U. S. 189, 27 Sup. Ct. 178, 51 L. Ed. 436, 17 Am. Bankr. Rep. 77, where Mr. Justice Moody said:

"The priority is attached to the debt, and not to the person of the creditor; to the claim, and not to the claimant."

For these reasons the referee must be reversed, and the claim of Bentz for $270.83 adjudged to be entitled to priority.