Zuelka *v.* The American Refrigeration Manu-
facturing Co. et al.

*Corporations—Receivership—Priority of claims—Money advanced
to pay labor checks—Stockholder not mere volunteer, when.*

1. A stockholder of a corporation which is in financial difficul-
ties and in need of money to enable it to complete the manu-
facture of certain goods, who furnishes money at the re-
quest of the company, to take up checks issued by the com-
pany to workmen in payment for labor performed by them,
is not a mere volunteer.

2. One not a mere volunteer, who furnishes money to take up
checks issued to workmen in payment for labor performed
during the three months preceding the appointment of a
receiver, the amount due to any one employe not exceeding
$300, is entitled to priority over the claims of general cred-
itors, even though the checks were not endorsed, nor the
claims assigned to the purchaser.

(Decided April 2, 1921.)

Appeal:    Court of Appeals for Lucas county.

*Messrs. Garrison & Phillips* and *Mr. Paul T. Gay-
nor,* for creditors claiming a preference.
*Messrs. Tyler, Northup & McMahon* and *Mr.
Robert Newbegin,* for general creditors.

Richards, J.   The only question involved in this
case is that of the rights of certain creditors of The
American Refrigeration Manufacturing Company
who claim to have a preference over the general
creditors of that company.   That claim is based on
Sections 8339 and 11138, General Code, which are
the sections providing a preference in favor of
claims due from an insolvent debtor for labor per-
formed for the debtor.

The case is submitted on an agreed statement of facts, from which it appears that The American Refrigeration Manufacturing Company is a corporation, and that the defendants Garrison & Phillips are stockholders and interested in the business being conducted by the company. The company had a large number of orders, aggregating from $40,000 to $60,000 in amount, on which it expected to realize in a short time sufficient money to pay claims for labor and other indebtedness, but in order to realize on the orders it was necessary to complete the manufacturing process and the company did not have sufficient money for that purpose. It did, however, issue checks to certain of its employes for the amounts due them for labor. These checks were drawn upon a Toledo bank, and, upon being presented, and there being no funds of the drawer with which to pay the same, the bank notified Garrison & Phillips of the fact and stated that unless sufficient money was advanced for the payment of the checks they would be protested. The practice of Garrison & Phillips, upon receiving such notice, was to advance the amount of the checks and the amount so advanced was deposited in the bank to the credit of The American Refrigeration Manufacturing Company, and the bank would thereupon pay the checks.

Certain checks drawn to employes were cashed by a bank at Deshler, and then forwarded to the Toledo bank for payment, which latter bank refused payment and thereupon returned the checks to the Deshler bank, and Messrs. Garrison & Phillips, upon receiving knowledge of the facts, paid the amount of those checks to the bank at Deshler.

Certain other checks drawn to employes were paid by Garrison & Phillips directly to the respective holders of the checks, the amount to meet the same not being in the bank on which the checks were drawn, to the credit of the company. All these labor claims were for wages earned during the three months immediately prior to the appointment of a receiver of The American Refrigeration Manufacturing Company, and the amount due to any one employe did not exceed the sum of $300. No assignments were taken of any of the claims, but the advancements were made at the request of the debtor company.

These are the several classes of claims involved in this litigation and on which priority is claimed over the general creditors.

The drawing of a check and the delivery of the same to the payee does not, of course, amount to payment of the indebtedness. Garrison & Phillips were in no sense of the word volunteers or strangers in any of the various transactions. They had a very substantial financial interest in the company, and in its ability to complete the work which it had on hand. In order that this work could be completed and the money realized on the same it was necessary that the claims of workmen should be taken care of.

The conduct of Garrison & Phillips in paying direct to the employes the amounts of various checks held by them, and likewise in paying to the bank the amounts of various checks which had been protested, could not in any sense of the word be treated as a payment or extinguishment of the indebtedness owing by the company to the several employes. This is directly within the holding in the case en-

titled *In re Stultz Bros.*, 226 Fed. Rep., 989, where it is held that one who cashes checks given by a bankrupt to his workmen for wages is entitled to a preference as assignee of the claims for wages for the reason that the unpaid checks do not discharge the debts for which they were given. The same principle would apply to the acts of Garrison & Phillips in furnishing money to the bank in Toledo with which to pay checks in the possession of the bank, which would be protested unless the money should be furnished to make the payment. The bank should be treated for this purpose as the agent of Garrison & Phillips to pay the checks, and the crediting of the amount furnished by Garrison & Phillips to the account of the company and the paying of it over to the checkholders would be but a matter of bookkeeping.

Counsel for the general creditors concede that if the checks had been endorsed or assigned to Garrison & Phillips they would be entitled to priority, but it is the province of a court of equity to protect by subrogation those who advance money for the purpose of paying labor claims under the circumstances disclosed in the agreed statement of facts, and a court of equity, in order to accomplish justice, will treat that as done which ought to have been done.

The principles involved have been considered and determined in many adjudicated cases. We call attention to *In re Dutcher*, 213 Fed. Rep., 908. While the case of *Shropshire, Woodliff & Co.* v. *Bush,* 204 U. S., 186, was that of a person to whom an actual assignment of the claim had been made, the discussion in the course of the opinion is instructive in that it holds that the priority which is given to a.

claim for wages attaches to the debt itself and not to the person of the creditor; to the claim and not to the claimant. See also *Putnam* v. *News Publishing Co.,* 6 Ohio Dec. Rep., 1231; 25 R. C. L., 1320 and 1374.

It will be found, upon an examination of most cases that indicate a contrary holding, that they were cases where the money had been advanced by one who was a mere volunteer or stranger to the transaction.

A decree will be entered establishing the priority of the labor claims.

*Decree accordingly.*

CHITTENDEN and KINKADE, JJ., concur.