## In re BURLINGAME PRODUCTS CO., Inc.
### ENGLAND v. MacKAY.
#### No. 11937.

United States Court of Appeals
Ninth Circuit.

Oct. 12, 1948.

James M. Conners and Stanley M. McLeod, both of San Francisco, Cal., for appellant.

Nathan Moran, of San Francisco, Cal., for appellee.

Before HEALY and BONE, Circuit Judges, and BOWEN, District Judge.

PER CURIAM.

The Burlingame Products Co., Inc., was adjudicated a bankrupt and appellant was appointed trustee. On his petition the referee ordered appellee, MacKay, a stranger to the proceeding, to show cause why he should not be required to turn over his assets to the trustee. MacKay demurred to the petition as stating no ground for relief but his demurrer was overruled. After taking evidence the referee made findings and entered an order requiring MacKay forthwith to turn over to the trustee "all MacKay's assets," or at least so much thereof as, added to the assets of the estate, will be sufficient to pay all administration expenses and also to satisfy in full all creditors of the bankrupt. On petition to review the district judge reversed the order and the trustee appeals.

The turn-over procedure has long been a familiar device employed in the administration of bankrupt estates. Hitherto its use has been confined to instances where it is claimed that a third person is withholding specific property alleged to belong to the estate of the bankrupt. Here the referee's order literally stood the procedure on its head. Under the guise of what is termed "piercing the corporate veil," the trustee was authorized to reach out and subject to the administration of

the bankruptcy court assets admittedly never belonging to the bankrupt.

It is argued that MacKay interposed no timely objection and that he must be deemed to have consented to the referee's exercise of summary jurisdiction. Assuming arguendo that his demurrer was not sufficiently explicit to reach the point, cf. Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Honeyman v. Hughes, 9 Cir., 156 F.2d 27, and passing the question whether jurisdiction existed even in the absence of objection, we turn at once to the alleged merits of the case.

The referee found that the bankrupt was MacKay's alter ego. The finding is without support in the record. The undisputed testimony shows the following state of facts: One Mauborgne was the proprietor of a pet shop. He saw an opportunity to acquire a small bird-cage manufacturing plant. MacKay, a retired geologist of some means, was friendly with Mauborgne and advanced the latter money to buy the plant. After the acquisition Mauborgne operated the plant as his own, MacKay occupying merely the status of a creditor. A few months later MacKay and Mauborgne, together with one or two others, incorporated the bird-cage enterprise under the name of Burlingame Products Co., Inc.

MacKay was not made an officer of this corporation. Mauborgne was elected by the board of directors to be its president and one MacNeil, an acquaintance of MacKay's, was selected as secretary-treasurer. Prior to the war MacKay had lived in Tahiti and he now returned to that place to resume his residence. He took no active part in the management of the corporate affairs, which seem not to have prospered while he was away. The corporation contracted debts and was ultimately adjudicated a bankrupt after having made an assignment for the benefit of creditors. While all this was going on MacKay was sojourning in Tahiti.

MacKay anticipated receiving some, perhaps the major part, of the corporate stock in return for the considerable sums he had advanced, but the obtaining of the necessary permit for the issuance of stock was neglected or deferred by the attorney who had attended to the details of incorporation, and no stock was actually issued. We are expected to believe that in some nebulous way this omission rendered MacKay liable to the corporate creditors, none of whom, incidentally, was shown to have extended credit in reliance on MacKay's connection with the enterprise. There is, in short, no charge or proof of fraud or imposition, and the record suggests no valid reason for saddling on MacKay the debts of the corporate bankrupt.

The order reversing the referee is affirmed.