### In re ROSS.
### No. 39571.

United States District Court
N. D. California, S. D.

Dec. 3, 1953.

---

tate as the assignee of a wage claimant. The issue has been submitted to the Court, as it was to the Referee, upon an agreed statement of facts.

Claimant was the insurer under a policy of Unemployment Disability Insurance covering the employees of the bankrupt. The policy was issued pursuant to a Voluntary plan of disability insurance entered into by the bankrupt and his employees in accordance with the provisions of the California Unemployment Insurance Act. Act 8780d, Deering's California General Laws. The Voluntary Plan provided that the bankrupt should deduct from the wages of each employee 1% of the first $3,000 earned in any calendar year and transmit such sum to claimant in payment of the premium on its policy. During the effective period of the Voluntary Plan from April 1, 1947 to December 31, 1950, each new employee of the bankrupt consented in writing to the Plan and to the wage deduction. During this same period, the bankrupt deducted the agreed amounts from his employees' wages and transmitted them to claimant, except that, having made deductions of $24.48 for the months of October, November, and December, 1950, he failed to transmit that sum to claimant. The $24.48 was earned by the bankrupt's employees within three months immediately preceding the commencement of the proceeding in bankruptcy.

Upon these facts, claimant asserts, under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, a priority claim of $24.48 as the assignee of wages due the bankrupt's employees. It is settled law that a bona fide assignee of a wage claim is entitled, under Section 64, to the same priority of payment as the wage earner. Shropshire, Woodliff & Co. v. Bush, 1907, 204 U.S. 186, 27 S. Ct. 178, 51 L.Ed. 436. It is also clear that, under California law, an effective assignment may be made of wages to be earned under an existing employment. Walker v. Rich, 1926, 79 Cal.App. 139, 249 P. 56. Wage assignments, in the form of requests to employers to make

Shapro & Rothschild, San Francisco, Cal., for trustee.

Weinstock, Anderson & Chase, Harold J. Chase, San Francisco, Cal., J. Richard Glade, H. Harold Leavey, Sacramento, Cal., for claimant, California Western States Life Ins. Co.

GOODMAN, District Judge.

California Western States Life Insurance Co. has petitioned for a review of the order of the Referee in Bankruptcy disallowing priority for a claim which it filed against the bankrupt es-

deductions for the payment of disability insurance premiums, are expressly recognized by statute, California Labor Code § 300.

Nevertheless, it is the Trustee's contention, sustained by the Referee, that the consent of the bankrupt's employees to wage deductions for the payment of the disability insurance premiums did not constitute an assignment carrying with it wage-claim priority. The basis for this contention is the Trustee's assumption that in the absence of the employees' consent to the deductions, the California Unemployment Insurance Act would have required the same deductions to have been made and paid to the State Unemployment Compensation Disability Fund. The Trustee contends that under these circumstances, the bankrupt's employees had insufficient control over the disposition of this portion of their wages to make an assignment which would carry with it wage-claim priority. No authority is tendered in support of this theory. In my opinion, it cannot legally be sustained.

 By entering into the Voluntary Plan of disability insurance, the bankrupt's employees made an enforceable assignment of a portion of their wages to the claimant. This is so regardless of what disposition of this portion of their wages might have been required by California law had they not made the assignment. That which they assigned was a portion of their wages even though California law may have limited the purposes for which such portion might be used. The debt of the bankrupt was incurred for services which they rendered, and not for insurance benefits. As the Supreme Court pointed out in Shropshire, Woodliff & Co. v. Bush, supra, the character of debts which have priority under the Bankruptcy Act is fixed when they are incurred.

Moreover, the Trustee incorrectly assumed that had the bankrupt's employees not consented to the deductions under the Voluntary Plan, they would necessarily have been required by the California Unemployment Insurance Act to

have contributed a like amount of their wages to the State Unemployment Compensation Disability Fund. Section 456 of the California Unemployment Insurance Act provides that "an employer may, but need not, assume all or part of the cost" of a Voluntary Plan. Had the bankrupt's employees been unwilling to consent to the wage deductions, he might have agreed to assume the cost of the Voluntary Plan. Had he done so, his employees would have had complete freedom of disposition of the portion of their wages which they assigned to claimant.

The Referee was in error in sustaining the Trustee's objection to the allowance of claimant's priority claim, and his order is reversed.