In the Matter of ZIPCO, Inc., a California corporation, Bankrupt.

No. 71250-WM.

United States District Court
S. D. California.
Central Division.

Dec. 30, 1957.

676

Craig, Weller & Laugharn, Los Angeles, Cal., for trustee.

Robert H. Shutan, Beverly Hills, Cal., claimant in pro. per.

IRVING R. KAUFMAN, District Judge.

This is a petition for review of an order by the referee in bankruptcy denying the allowance of a priority claim in the amount of $1,531.45.

The bankrupt was adjudicated on May 11, 1956. Prior to the filing of the Petition for Arrangement under Chapter XI, the bankrupt corporation in payment of various wage claims against it issued a number of checks which were subsequently dishonored by the bank upon which they were drawn because of insufficient funds. Thereupon Milo M. Turner, an officer, director and sole shareholder of the bankrupt corporation, personally borrowed outside funds and paid the employees in cash receiving in exchange the dishonored checks totalling $1,531.45. On April 4, 1956, the day before the filing of the bankruptcy proceedings Milo M. Turner transferred and delivered to claimant, Robert H. Shutan, these dishonored payroll checks in payment of a $1,500 retainer of Mr. Shutan for legal services rendered and to be rendered by him in the bankruptcy proceedings. Upon receipt of these checks claimant assumed the responsibility of preparing and filing the necessary bankruptcy papers and representing the bankrupt corporation in the ensuing proceedings.

The claimant alleging a valid assignment of a wage claim, filed on June 21, 1956 his priority claim under Section 64 sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. Section 104 sub. a(2). It is claimant's contention that these checks having been delivered to Turner for good and valuable consideration paid out of Turner's own funds, the rights inherent in such checks vested personally in Turner and that the subsequent assignment transferred such rights to claimant. Objections to the allowance of this claim were duly filed by the trustee and upon submission of the issue to the referee a decision adverse to the claimant was rendered. The referee in disallowing the claim did so on the ground that the bankrupt corporation was for all intents and purposes the alter ego of Milo M. Turner and that the money advanced to or expended on behalf of the bankrupt corporation was a capital investment. The referee found in effect that the payment by Mr. Turner in exchange for the dishonored checks, rather than operating as an assignment, merely cancelled the wage obligation of the corporation and that the assignment of these payroll checks to the claimant created no greater rights in him than those possessed by Turner. The referee further concluded that the legal fee of the claimant was subject to determina-

tion and review by the court under the provisions of Section 60, sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. d.

The sole issue to be resolved on this review is whether the evidence adduced at the hearing before the referee is sufficient to support the finding that the bankrupt corporation was the alter ego of Milo M. Turner. The basis for the referee's determination was that Milo M. Turner was the president, sole shareholder and general manager of the bankrupt ever since its formation; that the corporate debts were contracted by him and under his direction and control; and that for some time prior to the filing of the bankruptcy petition he was the only acting officer and director of the bankrupt corporation.

In a proceeding of this kind I must accept the referee's findings of fact unless clearly erroneous. However, in the instant case, I find that even if I adopt all the underlying facts supporting the referee's conclusions they are still insufficient in law to establish the relationship by which the bankrupt corporation is to be regarded as the alter ego of Milo M. Turner. The mere fact that all of the corporate stock is held by one person who exercises sole control over the corporation is insufficient to justify disregarding the corporate entity. Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Service, 1932, 217 Cal. 124, 17 P.2d 709; Norins Realty Co. v. Consolidated A. & T. Co., 1947, 80 Cal. App.2d 879, 182 P.2d 593. Before a court may disregard the fiction of separate corporate existence it must appear that:

> "the observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice. Bad faith in one form or another must be shown * * *." Hollywood Cleaning & Pressing Co. v. Hollywood Laundry Service, supra, 217 Cal. at page 129, 17 P.2d at page 711.

See also Wenban Estate v. Hewlett, 1924, 193 Cal. 675, 696, 227 P. 723, 731.

In the instant case there is no charge that the monies used to pay the wage arrearages belonged to the bankrupt corporation. Rather the uncontradicted evidence discloses that the sums were loaned to Mr. Turner by third parties and prior to payment were his own personal property. As such there is no element of bad faith or impropriety in the use of these sums to reimburse the employees of the corporation for the value of their services. The piercing of the corporate veil here would work a requirement on the sole shareholder of this bankrupt corporation to turn over his own property to pay the corporate debts and expenses of corporate bankruptcy administration in the absence of a showing of fraud on creditors. See 5 A Remington, Bankruptcy 154 (5th ed. 1953); In re Burlingame Products Co. v. Mackay, 9 Cir., 1948, 170 F.2d 29. I must conclude, therefore, that on the basis of the facts before him the referee was in error in concluding that the bankrupt corporation was the alter ego of its sole stockholder.

Section 64, sub. a(2) of the Bankruptcy Act provides that a claim for wages earned within three months preceding bankruptcy is entitled to priority. Such a claim may be freely assigned and will carry with it into the hands of the assignee the same priority it had in the hands of the original owner. 3 Collier, Bankruptcy 2096–97 (14th ed. 1956). See Shropshire Woodliff & Co. v. Bush, 1907, 204 U.S. 186, 27 S.Ct. 178, 51 L.Ed. 436. It is immaterial that the assignment be made to a stockholder of the bankrupt corporation. In In re Dorr Pump and Mfg. Co., 7 Cir., 1942, 125 F.2d 610, a group of stockholders paid employees of the corporation the amount of their claims for services in return for an assignment of such wage claims. Although under the applicable Wisconsin law the shareholders were personally liable for unpaid wage claims the court allowed the priority of the assigned wage claims holding that the payment to employees did not operate to extinguish the debt. This case is dispositive of the

contention made in the present proceeding that Turner as shareholder and director cannot personally receive an assignment of the claims of the corporation employees.

The transactions involved here, when placed in proper perspective, amount to an expenditure by Turner of some $1,500 out of his own pocket for legal services to be rendered by claimant. Payment to claimant was made by an assignment of the wage claims which enjoyed priority under Section 64, sub. a(2). This procedure was apparently invoked in order that the available cash in the possession of Turner be used to satisfy the wage demands of the corporate employees who were more in need of immediate cash than was claimant. If Turner had not expended the $1,500 out of his own pocket in return for the dishonored checks which he subsequently assigned to claimant, the trustee in bankruptcy would have priority claims filed by the wage earners in the sum of $1,500 and, in addition, a claim filed under Section 64, sub. a(1) by counsel for fees for the legal services rendered in connection with the bankruptcy proceedings. Since the net result under such circumstances would subject the assets of the bankrupt corporation to priority claims in excess of $1,500 the creditors of the bankrupt are better off under the arrangement here employed by which only one priority claim of $1,500, rather than two, was asserted against the corporation.

Turner owed nothing to the bankrupt corporation and his payment to the wage earners must be regarded as a mere gratuitous act on his part. Such payment did not increase—but if anything decreased—the obligations the trustee would be required to pay.

Having determined that the bankrupt corporation was not the alter ego of Milo M. Turner and that the assignment of the wage claims to Turner was valid and effective, the subsequent assignment to claimant as payment for a retainer of his legal services did not involve funds of the corporation and the referee's determination that the attorney's fee is subject to review by the court under Section 60, sub. d, is erroneous.

The referee's determination is set aside and the claim for $1,531.45 is to be accorded priority status. Settle order.